SUREDA, DEMANDANTE Y APELANTE, *v.* SUREDA, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un procedimiento sobre traslado de pleito en causa de divorcio.

No. 1332.—Resuelto en julio 7, 1915.

DIVORCIO—LUGAR PARA LA CELEBRACIÓN DEL JUICIO—DOMICILIO DEL DEMANDADO AL INICIARSE LA ACCIÓN.—No hay precepto alguno en el Código de Enjuiciamiento Civil que fije lugar para la celebración de un juicio por divorcio, y a falta de disposición expresa sobre el particular, el pleito debe verse en el distrito en que residiere el demandado al iniciarse el litigio con arreglo al artículo 81 del Código de Enjuiciamiento Civil.

DOMICILIO—RESIDENCIA PERMANENTE—INTENCIÓN DE ESTABLECER EL DOMICILIO—TRANSEUNTE.—Un residente es una persona que viene a un sitio con la intención de establecer su domicilio o residencia permanente y que por consiguiente en realidad permanece allí. Si no existe dicha intención de establecer el domicilio o residencia permanente, la persona será un mero transeunte.

ID.—DOMICILIO DE LA ESPOSA—PRESUNCIÓN.—De acuerdo con el artículo 11, No. 5°. del Código Político el domicilio de la esposa se presume ser el del marido, presunción que subsiste mientras no se demuestre que la esposa tiene domicilio propio, esto es, mientras ella no se encuentre en condiciones mediante un decreto judicial de divorcio o de separación de adquirir un domicilio propio.

DIVORCIO—ABANDONO DEL DOMICILIO CONYUGAL POR LA ESPOSA—DISTRITO PARA ESTABLECER LA DEMANDA.—El acto de abandonar una esposa el domicilio conyugal con infracción de los deberes que le imponen los artículos 156 y 158 del Código Civil, no puede darle el derecho a ser demandada en el distrito donde ilegalmente reside.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Sabater.*

Abogado de la apelada: *Sr. Manuel Tous Soto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Ante la Corte de Distrito de Mayagüez presentó demanda de divorcio Cristóbal Sureda contra su esposa Palmira Sureda, alegando como hechos determinantes de su acción palabras injuriosas y actos de crueldad de la demandada para

con el demandante y el abandono del demandante por parte de la demandada desde el mes de junio de 1913, con la deliberada intención de no volver a unirse a él, pues desde esa fecha abandonó la casa donde ambos vivían en dicha ciudad, trasladándose a la ciudad de Ponce y cesando por completo las relaciones maritales entre ambos cónyuges.

La demandada presentó moción a la corte de Mayagüez para que el pleito fuera trasladado a la del distrito de Ponce, alegando por medio de *affidavit* de méritos ser vecina de esa ciudad y residir en ella en compañía de su madre, tener una buena causa de defensa, y proceder de buena fe, sin ánimo de entorpecer la acción de la justicia al solicitar dicho traslado. A la moción se acompañó además de un *affidavit* de méritos un escrito de excepción previa general a la demanda.

El demandante se opuso a la moción declarando bajo juramento que tiene su residencia *bona fide* en la ciudad de Mayagüez, donde ha vivido y residido en los últimos catorce años y contrajo matrimonio con la demandada, constituyendo ambos su hogar, el que abandonó la demandada sin consentimiento del demandante, habiendo residido aquélla desde entonces en otros puntos de la isla además de la ciudad de Ponce, a la que, según informes que cree verídicos, ha ido a residir desde el mes de diciembre de 1914.

La Corte de Mayagüez declaró con lugar la moción de traslado por medio de resolución de 14 de mayo de 1915, por la que decreta y ordena que el caso sea trasladado a la Corte de Distrito de Ponce para ser continuado ante la misma, por ser la demandada vecina del término municipal de Ponce, del distrito judicial del mismo nombre, y contra esa orden interpuso el demandante recurso de apelación para ante esta Corte Suprema.

Alega la parte apelante como fundamento de su recurso que la Corte de Distrito de Mayagüez erró al declarar que la demandada es vecina de Ponce, pues ella no ha expresado en su *affidavit* de méritos que ese sea el lugar en que tiene su domicilio *bona fide,* ni cuánto tiempo hace que reside allí,

y además el domicilio de la esposa se presume ser el del marido con arreglo al artículo 11, inciso 5°., del Código Político.

No hay precepto alguno en el Código de Enjuiciamiento Civil que fije lugar para la celebración de un juicio por divorcio, y a falta de disposición expresa sobre el particular el pleito debe verse en el distrito en que residiere el demandado al iniciarse el litigio, con arreglo al artículo 81 del Código de Enjuiciamiento Civil.

"Un residente es una persona que viene a un sitio con la intención de establecer su domicilio o residencia permanente y que por consiguiente en realidad permanece allí."

3 Words & Phrases Judicially Defined, p. 2178.

Si no existe dicha intención de establecer el domicilio o residencia permanente, la persona será un mero transeunte.

Opinamos que la demandada no puede calificarse de residente en Ponce en la acepción legal que tiene esa palabra, a los efectos del artículo que dejamos citado. Ella no puede tener otro domicilio que el de su marido y el Código Civil no le reconoce derecho alguno a elegir el que le plazca.

El artículo 156 de dicho Código impone a ambos cónyuges la obligación de vivir juntos, guardarse fidelidad y socorrerse mutuamente, y según el artículo 158, la mujer está obligada a obedecer y seguir a su marido donde quiera que fije su residencia.

El artículo 11 del Código Político en su número 5°. establece que el domicilio de la esposa se presume ser el del marido, y esa presunción subsiste mientras no se demuestre que la esposa tiene domicilio propio, lo que no sucede en el presente caso, pues aunque aparece que la demandada reside en Ponce, esa residencia no puede constituir su domicilio legal mientras ella no se encuentre en condiciones mediante un decreto judicial de divorcio o de separación, de adquirir un domicilio propio.

Un acto ilegal de la demandada, como lo es el abandono del domicilio conyugal con infracción de los deberes que le

imponen los artículos 156 y 158 ya citados del Código Civil, no puede darle el derecho de ser demandada en el distrito donde ilegalmente reside. El punto de su residencia legal es Mayagüez donde reside su esposo y hasta ahora no aparece que la asista razón alguna legal para vivir separada de su marido, el demandante.

Por las razones expuestas es de revocarse la orden apelada, debiendo continuarse la tramitación del juicio en la Corte de Distrito de Mayagüez en que se radicó la demanda.

> *Revocada la resolución apelada y declarada sin lugar la moción de traslado.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.