LEANDER PERRY FOSS, demandante y apelante, *v.* BERTHA BEATRICE FERRIS, demandada y apelada.

Núm. 8728.—*Sometido:* Abril 11, 1944. *Resuelto:* Mayo 5, 1944.

*G. Cruzado Silva,* abogado del apelante; la apelada no compareció.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La cuestión legal a resolver en el presente recurso es si un Sargento del Ejército de los Estados Unidos, que ha sido enviado a Puerto Rico como miembro de las fuerzas armadas destacadas en esta Isla y que se encuentra en Puerto Rico desde enero de 1941, ha adquirido la residencia legal necesaria para poder entablar demanda de divorcio, ante la Corte de Distrito de San Juan, contra su esposa, residente en el estado de Nueva York.

El demandante y la demandada contrajeron matrimonio en el estado de Nueva York. No han procreado hijos ni adquirido bienes gananciales.

En la demanda interpuesta por el Sargento Foss se alega "que el demandante y la demandada han vivido completamente separados, sin interrupción alguna" desde agosto de 1938 hasta la fecha de la demanda, la que fué radicada en noviembre 6 de 1942.

La demandada fué citada por edictos, no compareció y le fué anotada la rebeldía. Celebrado el juicio con la sola asistencia del demandante, la corte inferior dictó sentencia

declarando sin lugar la demanda. En apoyo de su recurso para ante esta corte, el demandante apelante alega que la corte inferior erró al declarar que el demandante no ha estado residiendo en la Isla durante el año anterior a la fecha de radicación de su demanda; que el demandante es un mero transeúnte; que la residencia que se requiere en casos de divorcio debe reunir los mismos requisitos que son necesarios para establecer un domicilio; y que el demandante al ser trasladado a Puerto Rico no perdió su antiguo domicilio ni adquirió otro nuevo en esta Isla.

■■ Conviene que antes de entrar a considerar y resolver la cuestión hagamos un resumen de lo declarado por el propio demandante en la vista del caso. Declaró que es soldado del Ejército de los Estados Unidos, con el grado de Sargento Técnico; que se casó con la demandada en Southold, Nueva York, en junio 30 de 1938; que vivieron juntos por un corto tiempo, alrededor de un mes y diez días, pasados los cuales ella se fué a vivir con su familia y él se fué para las Islas Filipinas en septiembre 2 de 1938, permaneciendo allí cerca de dos años, hasta que regresó a New York en septiembre 9 de 1940; que al día siguiente de su llegada a New York se fué a Munroe, Virginia y de Munroe vino a Puerto Rico, llegando a esta Isla el día 21 de enero de 1941; y por último, que desde septiembre 2 de 1938 no ha vuelto a vivir con su esposa, habiendo seguido separados hasta la fecha, sin interrupción. Preguntado por el juez si su residencia en la Isla es voluntaria o porque está en el Ejército, contestó: "Estoy bajo las órdenes del Ejército; si me diesen orden de salir mañana, tendría que salir." Preguntado si él se había visto obligado a vivir aquí durante dos años por órdenes del Ejército, contestó afirmativamente.

El artículo 97 de nuestro Código Civil dispone que "ninguna persona podrá obtener el divorcio de acuerdo con este Código que no haya residido en la Isla un año inmediatamente antes de hacer la demanda, a menos que la causa en

que se funda se cometiera en Puerto Rico o mientras uno de los cónyuges residiese aquí.''

Si el demandante no ha residido en la Ísla durante un año antes de radicar su demanda, su acción ha sido legalmente desestimada, pues es un hecho admitido que la alegada separación ocurrió en Nueva York, más de dos años antes de que el demandante viniese a Puerto Rico.

Para que una persona pueda considerarse como residente en un sitio determinado es necesario que haya venido a ese sitio con la intención de establecer allí su domicilio o residencia permanente y que en realidad permanezca allí con ese propósito. 37 Words & Phrases, págs. 277, 301; *Sureda* v. *Sureda*, 22 D.P.R. 667; *Williams* v. *State of North Carolina*, 317 U.S. 287.

En *Suit* v. *Shailer* (D.C. Md.) 18 Fed. Supp. 568, 571, encontramos la definición más correcta, a nuestro juicio, de la palabra ''residencia'':

'' 'Residencia' no significa el sitio permanente de vivienda, donde una persona tiene la intención de vivir durante el resto de su vida o por un término indefinido o ilimitado, ni tampoco la residencia de una persona para un propósito temporal con la intención de regresar a su antigua residencia cuando ese propósito haya sido cumplido, y sí el hogar actual en el sentido de no tener ningún otro hogar, ya sea con la intención de residir allí permanentemente, o por un período de tiempo definido o indefinido.''

El demandante en el presente caso no vino a Puerto Rico por propia voluntad y sí en cumplimiento de órdenes superiores que él, como miembro de las fuerzas armadas, estaba obligado a obedecer. Su permanencia aquí en la Isla depende de la voluntad de otros y no de la suya. Sus superiores pueden ordenarle en cualquier momento que se traslade a otro sitio y él no tendrá otro remedio que obedecer. Una persona bajo tales circunstancias no puede tener su residencia más que en el sitio donde vivía cuando ingresó en el

Ejército, toda vez que desde el momento en que ingresa en el servicio activo el soldado no puede elegir el sitio a donde ha de ir, ni el tiempo que ha de permanecer allí ni la fecha en que ha de regresar a su hogar. "La adquisición de una residencia, ya sea actual o legal, envuelve necesariamente, por lo menos, el ejercicio de la voluntad en su selección, y eso no puede decirse afirmativamente de la residencia de un soldado o de un marino en servicio activo." *Harris* v. *Harris,* 215 N.W. 661. La presunción legal de que el domicilio de una persona es el sitio en que actualmente vive, no surge en el caso de un soldado en activo servicio, pues éste no está en libertad para elegir su domicilio. *Gallagher* v. *Gallagher,* 214 S.W. 516; 129 A.L.R. 1382. De la declaración del propio demandante apelante se infiere que él vino a Puerto Rico como militar, obedeciendo órdenes superiores y sin el *animus manendi* que se requiere para la adquisición de residencia legal en un sitio determinado. La mayoría de las jurisdicciones estatales sostienen que por el mero hecho de vivir en un puesto o campamento del Ejército, situado dentro de un estado, un miembro de las fuerzas armadas no adquiere una residencia legal dentro del Estado. *Stevens* v. *Allen,* 139 La. 658, 71 So. 936; Restatement of the Law, Conflict of Law, pág. 20, párrafo 9; 17 Am. Jur. 278, párrafo 249.

No erró la corte inferior al resolver que la adquirida por el apelante en Puerto Rico es la residencia accidental de un transeúnte y no la que requiere el artículo 97 del Código Civil como base esencial para poder ejercitar la acción de divorcio en esta Isla.

*La sentencia recurrida debe ser confirmada.*