RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; MARÍA TERESA SOLÉ DE TANNER, interventora.

Núm. 206.—*Sometido:* Marzo 1, 1949. *Resuelto:* Abril 21, 1949.

*Hon. Procurador General Vicente Géigel Polanco (Luis Negrón Fernández, Ex Procurador General, en el alegato) y Elmer Toro Lucchetti, Procurador General Auxiliar, abogados del peticionario; Miranda & Miranda Esteve, abogados de la interventora, querellante en el pleito principal.*

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En 22 de julio de 1947 María Teresa Solé de Tanner radicó en el Departamento de Hacienda su Declaración Indi-

vidual de Ingresos por el año contributivo terminado en diciembre 31 de 1944. En ella hacía constar bajo juramento que no era residente de Puerto Rico, aunque sí ciudadana de esta isla y de Estados Unidos y que estaba casada con Dale H. Tanner(¹) ; informaba ingresos por la suma de $1,399.92(²) y reclamaba una exención personal de $2,000. Ocho días más tarde el Tesorero de Puerto Rico le notificó una deficiencia montante a $441.96. Se debió esto a que el Tesorero no consideró que ella era ciudadana de Puerto Rico ni residente en esta isla, por lo que calculó su contribución normal al tipo del 28 por ciento y no le concedió exención personal alguna. Denegada la reconsideración solicitada, la contribuyente acudió al Tribunal de Contribuciones de Puerto Rico, donde luego de una vista en los méritos la querella fué sostenida en su totalidad.

Librado por nosotros el auto de *certiorari* autorizado por la sección 5 de la Ley 169 de 15 de mayo de 1943 (págs. 601, 611), sostiene ahora el Tesorero en apoyo de su recurso que dicho Tribunal erró al no resolver que el domicilio de una mujer casada es el de su marido y que la contribuyente después de casarse estaba domiciliada en Puerto Rico y al determinar el domicilio de ella a base de sus actuaciones e intención y no a base del domicilio de su marido.

La prueba elevada demuestra que María Teresa Solé de Tanner nació en Mayagüez el día 22 de mayo de 1920; que residió en esta isla desde la fecha de su nacimiento hasta cuatro días después de haberse casado; que en 4 de julio de 1943 contrajo matrimonio con Dale H. Tanner, quien a la sazón estaba empleado con el Negociado Federal de Investigaciones, conocido por FBI, y prestaba entonces servicios en Puerto Rico, y que por requerirlo así las necesidades del

---

(¹)Aunque la contribuyente era casada, la declaración radicada no era una conjunta de marido y mujer. Véanse la sección 24(*b*) de la Ley de Contribuciones Sobre Ingresos y *Ballester* v. *Tribunal de Apelación*, 61 D.P.R. 474.

(²)Los ingresos informados por la interventora provenían de dividendos percibidos de la corporación Compañía Solé, Inc., de la cual ella era accionista.

cargo que su esposo desempeñaba, ella y él salieron en 8 de julio de 1943 para la ciudad de Seattle, estado de Wáshington, donde permanecieron hasta su regreso a esta isla en septiembre de 1945; que mientras estuvieron ausentes su intención fué regresar a Puerto Rico a vivir y que han residido nuevamente en esta isla desde el día de su regreso. Fué la anterior la prueba de la interventora, limitándose la del Tesorero a la presentación de la planilla radicada por la contribuyente.

■ La sección 12 de la Ley de Contribuciones Sobre Ingresos (núm. 74 de 6 de agosto de 1925, pág. 401) provee que sobre el ingreso neto de todo individuo en exceso de los créditos dispuestos en la sección 18, se impondrá, cobrará y pagará por cada año contributivo una contribución normal de 5 por ciento y que sobre el ingreso neto de todo individuo no residente que no sea ciudadano de Puerto Rico la contribución normal a ser impuesta, cobrada y pagada por cada año contributivo será el 28 por ciento. El inciso (*d*) de la sección 18 de la misma ley dispone que los créditos dispuestos en las subdivisiones (*b*) y (*c*) de la misma sección[3] no serán concedidos en el caso de un individuo no residente que no sea ciudadano de Puerto Rico.

Conforme dijimos en *Buscaglia, Tes.,* v. *Tribl. de Contribuciones, Pérez Vahamonde, interventora,* 68 D.P.R. 345, 349 ''. . . la ciudadanía de Puerto Rico está predicada en domicilio en Puerto Rico. Tanto bajo la sección 2(*a*)(7) de la Ley de Contribuciones Sobre Ingresos como bajo las secciones 5 y 5(*a*) del Acta Orgánica, la 'residencia' que hace que una persona sea ciudadana de Puerto Rico equivale a domicilio. En consecuencia, tanto para fines de contribuciones sobre ingresos como en términos generales, un ciu-

---

[3] Las exenciones y créditos provistos en los incisos (*b*) y (*c*) del artículo 18 son, en síntesis, las siguientes: $800 para toda persona soltera; $2,000 para un jefe de familia o para una persona casada que viva con su esposo o esposa; y $400 por cada persona que dependa y reciba exclusivamente el sustento del contribuyente.

dadano de Puerto Rico que cambia su domicilio mudándose permanentemente a un estado o país extranjero, pierde su *status* como ciudadano de Puerto Rico, aun cuando sigue siendo ciudadano americano, *Lókpez* v. *Fernández,* 61 D.P.R. 522, 532–34.''

■ La cuestión medular que tenemos ante nos es, en su consecuencia, si como sostiene el Tesorero la contribuyente no era durante el indicado año ciudadana de Puerto Rico ni residente en esta isla. Es innegable que hasta el día en que se celebró su matrimonio ella residía y estaba domiciliada en la Isla de Puerto Rico. Empero, al casarse perdió su domicilio de origen y por ministerio de ley adquirió el domicilio de su esposo. *Carrero* v. *Del Castillo,* 41 D.P.R. 417, 428; *Sureda* v. *Sureda,* 22 D.P.R. 667; *Marimón* v. *Pelegrí,* 2 S.T.S. 331; Joseph H. Beale, *The Conflict of Laws,* Vol. I, secs. 14.1 y 27.2, págs. 128 y 197; *Restatement, Conflict of Laws,* secs. 14 y 27, págs. 30 y 50; 17 Am. Jur., págs. 597 y 614, secs. 13 y 38; y 75 A.L.R. 1251.

■ La prueba no reveló en manera alguna cuál era el domicilio del esposo de la interventora al momento en que se celebraron las bodas. El mero hecho de que éste estuviera prestando servicios en Puerto Rico para un negociado del gobierno federal no demostraba que el domicilio de los cónyuges fuera la Isla de Puerto Rico. *Cf. Foss* v. *Ferris,* 63 D.P.R. 570. A ella incumbía probar que el domicilio de su esposo en aquel momento lo era Puerto Rico y que siguió siéndolo mientras estuvieron ausentes de esta isla. Prueba al efecto de que la contribuyente nació y vivió en Puerto Rico hasta el momento de su matrimonio y de que al ausentarse la intención de ellos fué siempre regresar a esta isla, es insuficiente para establecer el domicilio en Puerto Rico. Bajo estas circunstancias, el Tesorero actuó acertadamente al considerar a la interventora como no ciudadana y como no residente de nuestra isla.

910

*Debe revocarse la resolución objeto del presente recurso y declararse sin lugar la querella.*

El Juez Asociado Sr. Negrón Fernández no intervino.