STATE EX REL. GORDON L. RICHMOND *v.* JOHN E. BRAY

SUPERIOR COURT          LITCHFIELD COUNTY          FILE No. 14344

Memorandum filed May 28, 1955.

*Hubbard & Cramer,* of Litchfield, for the plaintiff.

*Goldstein & Peck,* of Bridgeport, for the defendant.

KING, J.   As more particularly set forth in the stipulation of facts, the defendant was duly elected and qualified as tax collector of New Milford at the October election of 1953; on October 10, 1954, he left for Reno, Nevada, where he established a domicil and residence although still maintaining his residence in New Milford; on or about November 20, 1954, he returned to New Milford and re-established his domicil; he has at all times since his election performed the duties of tax collector and no other person has been appointed or elected to this office; his name has at all times continuously remained, and is now, on the voting or registry list of New Milford.

Technically, the proceeding is defective, perhaps fatally defective, because the allegations of paragraph 6 of the complaint are not admitted in the answer and are not covered in the stipulation. Consequently, there is nothing to show that the relator has any standing in the matter. However, it is obvious that counsel intended to raise no such problem, and in the interest of economy of judicial procedure, with some hesitation, and rather against its better judgment, the court has decided to take the case as presented by the parties and to consider that the relator is, as alleged, a taxpayer and elector of New Milford. Also to be assumed, on the same basis, is that New Milford has biennial town elections so that the defendant's present term as tax collector runs for two years from the date of his election and qualification in 1953.

One may simultaneously have two or more residences. *Dorus* v. *Lyon,* 92 Conn. 55, 57. But he can have but one domicil at any one time. *Boardman* v. *Boardman,* 135 Conn. 124, 133. It thus appears that the defendant, although continuously maintaining a residence in New Milford, was both a resident of, and domiciled in, Nevada during a period of about ten weeks in 1954. Necessarily, he could not have been domiciled in New Milford during that period. The relator claims that the effect of this was to make the office of tax collector in New Milford vacant and that thereafter the defendant's title to the office was illegal.

Under § 517 of the General Statutes, the defendant would, by removal from New Milford—which obviously took place here—have rendered his office of tax collector vacant. *Union* v. *Crawford,* 19 Conn. 331, 334. However, this clear and simple statute, which had stood substantially unchanged for about one hundred years, was repealed as of May 14, 1953, by § 156c of the 1953 Cumulative Supplement.

Its nearest existing counterpart is § 200c, and counsel agreed that this was the only directly applicable statute. It is on this that the relator relies. It provides that "[e]ach elected town officer shall be an elector of the town in which he is elected to office and, if for any reason he ceases to be an elector thereof, he shall thereupon cease to hold office therein; and such office shall be deemed vacant." If this statute is to be of any aid to the relator, it would be because the defendant, by his removal, ceased to be an elector in New Milford. Admittedly his name remained on the voting or registry list, so that the relator is forced to, as he does, claim that the defendant is not in fact an elector even though his name appears as such on the voting list.

The relator correctly claims that § 431c of the 1953 Cumulative Supplement is not applicable, since it is restricted by its express terms to situations where an elector removes from one town to another town both of which are in Connecticut.

Sections 426c through 435c provide for the making and correction of registry lists of electors. Section 434c particularly applies to questions concerning the removal from the registry list of the name of an elector who has ceased to reside in a town; and § 435c provides for an appeal from an adverse decision of a registrar to the "board for admission of electors of such town." In view of the constitutional provision hereinafter referred to, this board must be taken to consist of the selectmen and town clerk.

The basic claim of the defendant is that whether or not one is an elector is not a matter which is subject to review by the court, and, so, that the court has no jurisdiction of this proceeding in quo warranto or, for that matter, of any other proceeding having for its object a judicial determination of whether the defendant is an elector.

This is true where the question involves solely the unqualified status of "elector" as distinguished from that of a "resident elector" or some other particular kind of elector. *Hackett* v. *New Haven,* 103 Conn. 157, 167. Here the question is limited to the word "elector" by the express terms of the statute (§ 200c) on which the relator relies. That statute provides that a town office becomes vacant when the incumbent ceases to be an "elector," not when he ceases to be any particular kind of elector as in the *Hackett* case. The reason for the rule is that the constitution grants to the selectmen and town clerk exclusive jurisdiction to decide upon the qualification of electors. Conn. Const. Art. VI § 4 (1955); *Freeman* v. *Selectmen,* 34 Conn. 406, 414; *Perry* v. *Reynolds,* 53 Conn. 527, 535. Obviously, if the court were to assume jurisdiction and determine that the defendant was not an elector, and, so, that the office was vacant under § 200c, it would have determined the precise question exclusive jurisdiction to determine which is granted by the constitution to the selectmen and town clerk. Such a procedure could not be defended. It would create chaos as well as violate the constitution.

The relator, in support of his position that the court has jurisdiction in this proceeding of quo warranto, relied upon *State* v. *Hayes,* 127 Conn. 543, 577; *State ex rel. Oakey* v. *Fowler,* 66 Conn. 294, 300; *State ex rel. Morris* v. *Bulkeley,* 61 Conn. 287, 374, and *Hinckley* v. *Breen,* 55 Conn. 119, 121. None of these cases is helpful to the petitioner because none reaches the basic constitutional obstacle to action by the judiciary. The *Bulkeley* case is most nearly in point, and that holds directly contrary to the relator's claim where, as here, there is no breakdown or refusal to act on the part of the body having exclusive jurisdiction under the constitution to pass on the question. *State ex rel. Morris* v. *Bulkeley,* supra,

376. There is nothing in the stipulated facts to show any refusal or failure to act on the part of the board for admission of electors or any other official or body.

It may well be true that if the defendant ceased to be an elector, as would be the case if his name were legally erased from the list of electors, and notwithstanding he thereafter continued to hold office as tax collector, quo warranto would lie to oust him from that office. But that would be because the determination of his status as an elector would have been made by the body to whom, alone, the constitution had committed such determination.

Judgment may enter dismissing the proceeding for lack of jurisdiction under the rule of cases such as *Felletter* v. *Thompson,* 133 Conn. 277, 280.