ENIL GONZÁLEZ MIRANDA, demandante y recurrente *v.*
JULIA SANTIAGO, demandada y recurrida

*Número*: 12165    *Resuelto*: 12 de enero de 1962

*Enrique González, Romero Barceló & Herrero Frank,* abogados del recurrente; *J. Ramírez Viñas,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

En *Mestre* v. *Pabeyón,* 84 D.P.R. 369 (1962), resolvimos que si la causa que da base al divorcio se comete en Puerto Rico, no se requiere como requisito jurisdiccional que el demandante esté domiciliado aquí. Este caso presenta una situación similar a la que allí consideramos. El tribunal de instancia desestimó la demanda por los mismos fundamentos que desestimó la radicada en *Mestre.* En el presente no desfiló prueba. El fallo lo basó la corte a quo en que en la demanda se alega que cuando la demandada abandonó al demandante se fue a vivir a la ciudad de Nueva York. Y el demandante al jurar la demanda hace constar que es vecino de Brooklyn. Entendió el tribunal de instancia que de lo que se expone en la demanda surge que ninguno de los dos cónyuges estaba domiciliado en Puerto Rico.

El caso de *Mestre* parecería disponer de este recurso en vista de lo que expresamos en *Sánchez* v. *Gutiérrez,* 69 D.P.R. 556 (1949), un caso de separación por más de tres años, al interpretar la disposición del art. 97 del Código Civil—31 L.P.R.A sec. 331—que dispone que "[n]ingúna persona podrá obtener el divorcio de acuerdo con este Código que no haya residido (¹) en el Estado Libre Asociado un año inmediatamente antes de hacer la demanda, a *menos que la causa en que se funde se cometiera en Puerto Rico...",* (Enfasis suplido.) como que "[l]o único que requiere el estatuto es que la separación, esto es, el acto de separarse ocurra en

---

(¹) En *Foss* v. *Ferris,* 63 D.P.R. 570 (1944) expresamos que el término residencia en esta disposición equivalía a domicilio.

Puerto Rico". Pero precisamente teniendo en cuenta lo que acabamos de resolver en *Mestre*, se hace necesario que reexaminemos lo que en el caso de *Sánchez* dijimos. ▮▮

De la demanda radicada en el presente caso surge que la demandada al abandonar al demandante se marchó de Puerto Rico. Y a la fecha del inicio de la acción ambas partes residían en Nueva York. El lapso de tiempo requerido por el código una vez ocurrida la nolición para que exista abandono de un cónyuge por el otro, transcurrió fuera del Estado Libre Asociado. Ya hemos visto que la disposición legal aplicable, el art. 97 del Código Civil requiere que para obtener el divorcio una persona debe haber estado domiciliada en Puerto Rico durante un año inmediatamente antes de hacer la demanda *a menos que la causa en que se funde el divorcio se cometiera en Puerto Rico*. Así, la ley dispone que cuando el demandante no está domiciliado en Puerto Rico, la causa en que se funda el divorcio tiene que haberse cometido aquí. ▮

En casos de abandono, la causal que da derecho al divorcio no se "comete" con el acto inicial de la separación. No es hasta que ha transcurrido el período de tiempo fijado por la ley, según hemos expuesto, como constitutivo de abandono, que se plasma la causal definitiva que da derecho al divorcio. En el caso de *Oatley* v. *Oatley*, 161 A.2d 834 (D.C. Mun. App. 1960) se dijo:

"No presenta dificultad alguna el determinar cuando se comete la causal basada en adulterio. Ese acto está íntimamente relacionado con un lugar y ocasión determinados. A diferencia de las causales de separación y abandono, el hecho físico de cometer adulterio inmediatamente da lugar al nacimiento de la causa de acción—ésta surge por el sólo hecho de su comisión. Pero separación y abandono son actos continuos; la causal—el derecho de ejercitar la acción—incidental a éstas no se perfecciona hasta que transcurra el periodo de tiempo requerido. Hasta que este período transcurra por completo no se puede incoar una acción, a base del hecho físico escueto de una parte abandonar a la otra. De hecho puede tener lugar un suceso que

interrumpa el período fijado por ley, de tal suerte que nunca surja la causal. El factor tiempo es pues jurisdiccional; no puede surgir la causal a menos que ésta, junto con sus otros elementos componentes, queden cumplidos a cabalidad. Dicho de otra manera, no puede surgir la causa de acción hasta que se dé cumplimiento a todos sus requisitos."

Véase además *Mullenband* v. *Mullenband,* 208 S.W. 801 (Ark. 1919). ■

Y es que así es la forma razonable de interpretar la ley. Es lo que el texto claro del art. 97 dispone. De otro modo, en vista de lo que hemos resuelto en *Mestre,* se prestaría a que por el solo hecho de que el acto inicial del abandono ocurriera en Puerto Rico, al transcurrir el año, sin que ninguna de las partes hubiera estado domiciliada en Puerto Rico durante el período del abandono, el cónyuge abandonado podría retornar a Puerto Rico e incoar aquí la acción de divorcio. Eso no lo autoriza la ley. ■

La situación que presenta el caso de autos es distinta a la que consideramos en *Sánchez* v. *Gutiérrez.* En *Sánchez,* si se examina el expediente encontraremos que de la demanda radicada y de la prueba que la sostuvo, surge que la esposa demandada estuvo continuamente residiendo en Puerto Rico, desde que se separaron hasta la fecha en que se radicó la demanda. Y el art. 97 del Código Civil como hemos visto, dispone que "[n]inguna persona podrá obtener el divorcio de acuerdo con este título, que no haya residido en el Estado Libre Asociado un año inmediatamente antes de hacer la demanda, *a menos que la causa en que se funde se cometiera en Puerto Rico o cuando uno de los cónyuges residiese aquí".* [Énfasis suplido.] Así el resultado a que llegamos en *Sánchez* es el correcto pues, la última parte del art. 97 dispensa al demandante del requisito de haber estado domiciliado en Puerto Rico durante un año antes de incoar la demanda, si la causa en que se funda la acción de divorcio se comete en Puerto Rico o cuando uno de los cónyuges reside aquí. Y la demandada en *Sánchez* residía aquí.

De conformidad con los principios arriba enunciados debe considerarse aclarado, por ser incorrecto, el lenguaje usado en *Sánchez* al efecto de que cuando la causa en que se funda el divorcio se comete en Puerto Rico, en casos de abandono o separación, "[l]o único que requiere el estatuto es que la separación, esto es, el acto de separarse ocurra en Puerto Rico".

Ahora, en el presente caso no desfiló prueba alguna. Lo expuesto en la demanda no es suficiente para determinar que el demandante no estaba domiciliado en Puerto Rico durante el año anterior a la fecha en que interpuso la demanda. De las alegaciones surge que al iniciarse el abandono los cónyuges tenían su hogar constituido en el pueblo de Arroyo. El hecho de que al jurar su demanda, juramento que se tomó en Puerto Rico, el demandante hiciera constar que era vecino de Brooklyn, sin más, no establece que éste no estuviera domiciliado en Puerto Rico. ■

Como dijimos en el caso de *González* v. *Secretario de Hacienda*, 76 D.P.R. 135 (1954):

"Ahora bien, conforme dispone el artículo 11 de nuestro Código Político, para determinar el lugar de domicilio se observarán las siguientes reglas:

"1. Es el lugar donde reside habitualmente una persona, cuando no es llamada a otra parte para trabajar en otro objeto temporal, y al cual retorna en las épocas de descanso.

'2. Sólo puede haber un domicilio.

'      .      .      .      .      .      .      .      .      .

'7. El domicilio puede cambiarse sólo mediante la unión del acto y del intento.'

"Las partes están contestes en que para adquirir un domicilio por selección voluntaria, es necesario que concurran dos requisitos, a saber: (1) presencia física y (2) intención de permanecer en el sitio seleccionado. Kennan, *On Residence and Domicile*, sección 13; 53 Harv. L. Rev. 68."

En *Carrero* v. *Del Castillo*, 41 D.P.R. 417 (1930) citamos de I Manresa, Comentarios al Código de Enjuiciamiento Civil Español 225–227, de la que copiamos lo siguiente:

"Sin embargo, téngase presente que no se pierde el domicilio por la ausencia temporal del lugar en que se vive, sin ánimo expreso o presunto de abandonarlo: es necesario que al hecho se reuna la voluntad expresa o presunta. ▮

Una explicación concisa de lo que constituye domicilio la encontramos en el caso de *Bixby* v. *Bixby*, 361 P.2d 1075 (Okl. 1961), citando de un caso anterior:

"Para que tenga lugar un cambio de domicilio debe coexistir el hecho de abandonar físicamente el primer domicilio y la intención firme de no retornar; y debe existir un nuevo domicilio adquirido mediante el hecho de residir en otro lugar con la intención de que ese sea su hogar permanente."

Véase además, *Lokpez* v. *Fernández*, 61 D.P.R. 522 (1943); *Sureda* v. *Sureda*, 22 D.P.R. 667 (1915); Artículo 11 del Código Político, 1902, I L.P.R.A. § 8; Reese, *Does Domicil Bear a Single Meaning*, 55 Colum. L. Rev. 589 (1955); Tweed & Sargent, *But What of Domicile*, 53 Harv. L. Rev. 68, 82 (1939).

*Procede revocar la sentencia recurrida y devolver el caso para ulteriores procedimientos compatibles con los principios aquí enunciados.*

El Juez Asociado Sr. Serrano Geyls no intervino.