EARLE T. FIDDLER, demandante y recurrido, *v.* SECRETARIO DE HACIENDA, demandado y recurrente.

*Números:* 72 y 102. *Resueltos:* 3 de mayo de 1962.

318

*Hiram R. Cancio, Secretario de Justicia, Arturo Estrella, Secretario Auxiliar, Luis F. Candal, Procurador Auxiliar,* abogados del recurrente; *Brown, Newson & Córdova,* abogados del recurrido.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ MATOS emitió la opinión del Tribunal.

El contribuyente Earle T. Fiddler presentó demanda ante la Sala de San Juan del Tribunal Superior contra el Secretario de Hacienda en la que alegó, en síntesis, que durante los años 1947, 1948, 1949, 1951 y 1953 era un ciudadano de los Estados Unidos de América y del Estado de Connecticut; con domicilio y residencia en dicho estado y que también mantenía una residencia en la ciudad de San Juan, Puerto Rico; que durante esos cinco años tuvo ingresos brutos de fuentes en Puerto Rico y declaró y pagó sobre sus ingresos de fuentes en Puerto Rico determinadas contribuciones; que también tuvo ingresos brutos en el estado de su domicilio en los Estados Unidos de América que especifica; que como ciudadano de los Estados Unidos domiciliado y residente en Connecticut rindió cada año sus declaraciones de ingresos sobre los que tuvo en Estados Unidos y pagó al Colector de Rentas Internas de Hartford, Connecticut, los impuestos o contribuciones

federales correspondientes; que en 3 de diciembre de 1954 el demandado le notificó deficiencias en el pago de contribuciones sobre ingresos por esos cinco años por no haber incluido en sus planillas los ingresos brutos derivados de fuentes en los Estados Unidos; que el demandado había agregado a los ingresos brutos durante el año 1948 una partida de $8,150.18 que no representaba ganancia alguna ni capital realizado en ese año; que el demandado carecía de jurisdicción para imponer esas deficiencias, con excepción de la partida de $8,150.18 porque él es ciudadano de los Estados Unidos y del estado de Connecticut, con domicilio y residencia en dicho estado y ninguno de los ingresos envueltos proviene de fuentes en Puerto Rico. Luego de haber alegado, además, que después de celebrada la vista administrativa correspondiente, el demandado le notificó su determinación final el 13 de abril de 1956 y que las deficiencias totalizaban $30,875.29, pidió que se decretara que el Secretario de Hacienda carecía de jurisdicción para tasar y cobrar esas deficiencias, con excepción de la partida de $8,150.18, que no venía obligado a pagar esas deficiencias, ni la partida de $8,150.18 y que en ningún caso procedía la imposición del 5%.

Contestó el secretario demandado; negó que el demandante estuviera domiciliado en y fuera residente de Connecticut, y alegó en contrario que estaba domiciliado y era residente de Puerto Rico; aceptó que el demandante durante esos cinco años tuvo ingresos de fuentes en Puerto Rico y declaró y pagó aquí las contribuciones sobre esos ingresos locales en una suma de $44,049.17, y que esos ingresos locales incluían el producto de ventas de piñas durante los años 1947, 1948, 1949 y 1951, en las cantidades que se especificaban en la demanda y que esas cantidades incluían tanto las ventas locales "como también la parte del producto de venta de piñas en los Estados Unidos correspondiente al precio en el mercado de piñas en Puerto Rico, calculado de acuerdo con las disposiciones de la Sección 15(a) de la Ley de Contribuciones de Puerto Rico entonces en vigor." Negó

el demandado que careciera de jurisdicción sobre el demandante y que las partidas relacionadas en las deficiencias estuvieran por ley excluidas; alegó que la partida de $8,150.18 constituía un ingreso tributable para el año 1948 y, finalmente, suplicó se declarase sin lugar la demanda.

Fue a juicio el pleito, conviniendo las partes que los tres puntos esenciales sobre los cuales descansaban las deficiencias eran: (1) si el demandante, para los años contributivos concernidos, era un ciudadano de los Estados Unidos y del estado de Connecticut y domiciliado y residente en dicho estado; (2) si el contribuyente tenía derecho bajo la Sección 15a de la ley, a descontar de los ingresos habidos en la venta de piñas en los Estados Unidos aquellos ingresos que eran propios de los Estados Unidos y que no eran acreditables al precio de venta de piñas en el mercado en Puerto Rico, y (3) si la partida de $8,150.18 constituía un ingreso tributable.

La prueba presentada consistió únicamente en el testimonio oral del demandante. El demandado no ofreció prueba alguna.

El tribunal de instancia dictó sentencia declarando con lugar la demanda en lo correspondiente a los años 1947, 1949, 1951 y 1953; ordenando la cancelación de las deficiencias contributivas para esos años; sostuvo que la partida de ingreso de $8,150.18 del año 1948 era tributable. Dejó sin efecto la penalidad del 5%.

Contra esa sentencia interpuso el Secretario de Hacienda el presente recurso de revisión parcial. Señala la comisión de los siguientes errores:

"Primero: El tribunal a quo cometió manifiesto error de derecho al resolver, en abierta contradicción a la ley y el reglamento de contribuciones sobre ingresos aplicables, que el recurrido, a pesar de ser residente de Puerto Rico, no está legalmente obligado a pagar contribuciones al gobierno insular por ingresos provenientes de ventas realizadas en los Estados Unidos de América;

"Segundo: El tribunal a quo cometió error de hecho y de derecho al resolver que el recurrido nunca adquirió domicilio

en Puerto Rico, a pesar de que la evidencia fue en el sentido que vino a Puerto Rico en el 1932 con el propósito de permanecer aquí indefinidamente ejerciendo su profesión, lo que ha hecho ininterrumpidamente.

"Tercero: El tribunal a quo cometió error de hecho y de derecho al dejar sin efecto la penalidad de 5% de las deficiencias, la cual fue impuesta por el recurrente a base de que el recurrido hizo caso omiso (intentional disregard) de la ley y los reglamentos aplicables al dejar de declarar los ingresos provenientes de fuentes sitas en Estados Unidos de América."

## I

Creemos conveniente discutir en primer término el segundo error. No se puede sostener la contención del demandado recurrente en cuanto a que el demandante recurrido tenía o había adquirido, para los años en controversia, su domicilio en Puerto Rico. El status del demandante recurrido ha sido discutido repetidamente por los tribunales en años posteriores al 1932, año en el cual propone el Secretario de Hacienda, adquirió domicilio el señor Fiddler en esta jurisdicción.

En el primer caso, *Fiddler* v. *Tribunal de Contribuciones,* 65 D.P.R. 202, 212, este Tribunal dijo:

"El peticionario (Fiddler) en el presente recurso es una persona natural, ciudadano del *Estado de Connecticut y allí residente.*"

En *Buscaglia* v. *Fiddler,* 157 F.2d 579, la Corte de Circuito de Boston dijo:

"Podríamos llegar aún más lejos y concluir de las alegaciones, leídas a la luz de nuestro propio conocimiento, que los significados de ambos términos han sido usados indistintamente y que como cuestión de hecho, el contribuyente, aunque 'domiciliado' en Stamford, Connecticut, ha sido 'residente' de Puerto Rico desde el 1934."

Los términos "domicilio" y "residencia" son muy difíciles de definir.(1) Una persona natural puede tener varias "re-

_____

(1) Para las múltiples definiciones del término "domicilio", véase la obra de Keennan, *A Treatise on Residence and Domicile,* págs. 1-61.

sidencias"; *Lee* v. *Green*, 73 A.2d 889; *State ex rel Richmond* v. *Bray*, 118 A.2d 323; *Commercial Bank of Crawford* v. *Pharr*, 43 S.E.2d 439; *England* v. *United States*, 137 F. Supp. 757; *Penn. Mut. Life Ins. Co.* v. *Fields*, 81 F. Supp. 54; *Downs* v. *C.I.R.*, 166 F.2d 504, cert. den. 334 U.S. 832; *Hoofnel* v. *C.I.R.* 334 U.S. 833; *Myers* v. *C.I.R.*, 180 F.2d 969—pero sólo un domicilio. Código Político del 1902, art. 11, 1 L.P.R.A. sec. 8, ins. 2; *Sivalls* v. *U.S.*, 205 F.2d 444; *Clark* v. *Clark*, 225 P.2d 486; *State ex rel. Flaughter* v. *Rogers*, 77 N.E.2d 594; *In re Britton's Will*, 100 N.Y.S.2d 969.

Estos términos han sido confundidos frecuentemente y han sido usados como sinónimos. (²) ▮

Mertens, en su obra *Law of Federal Income Taxation*, Vol. 3, sec. 19.31, pág. 75, distingue los términos "domicilio" y "residencia" de la siguiente manera:

"Una estada temporera, en cualquier lugar de morada puede constituir una 'residencia', pero un 'domicilio' constituye un lugar de morada fijo, permanente, o, por lo menos, de duración indeterminada. La duración de la estada en una morada no es el factor determinante que distingue una 'residencia' de un 'domicilio', ya que una 'residencia' puede extenderse por meses y aún años, mientras que un 'domicilio' puede quedar establecido desde el primer momento en que se instala el individuo en el lugar. La cuestión de 'domicilio' es una mixta de hecho y de derecho, siendo el factor primordial uno de intención de permanencia por tiempo indefinido. . . ." ▮

La ley en Puerto Rico exige algo más que la intención para que se cambie el domicilio. Dispone el Código Político, en su Art. 11, 1 L.P.R.A. sec. 8, inciso 7, que:

"El domicilio puede cambiarse sólo mediante la unión del acto y del intento." ▮

(²) Este es el caso de la Ley de Contribuciones sobre Ingresos y su Reglamento. *Buscaglia* v. *Tribunal de Contribuciones*, 68 D.P.R. 35; *Tesorero* v. *Tribunal de Contribuciones y Solé*, 69 D.P.R. 905; *Bonet Berga* v. *Tesorero*, 6 T.C. 342, Mertens, *Law of Federal Income Taxation*, Vol. 3, sec. 19.31, pág. 74; *Sureda* v. *Sureda*, 22 D.P.R. 667, 669.

La intención del contribuyente en cuanto a su domicilio, puede ser determinada por sus actuaciones, testimonio, conducta, y la persistente actitud de regresar a su domicilio establecido. Mertens, *Law of Federal Income Taxation*, supra, págs. 76–77. La intención del contribuyente con relación a su domicilio también puede ser determinada por actuaciones tales como: lugar donde vota y ejerce derechos políticos, lugar donde paga contribuciones, sitio donde tiene establecidas oficinas o sitio de negocio, lugar donde pertenece a asociaciones de índole social, fraternidades, etc. [3]

En el caso de autos, el juez sentenciador determinó como cuestión de hecho y de derecho, que el demandante-recurrido tenía su domicilio en el estado de Connecticut. Esta determinación de hecho y de derecho está ampliamente sostenida por la prueba. Durante los años en controversia, el demandante-recurrido hizo un total de 25 viajes a los Estados Unidos, o sea, un promedio de casi cinco viajes al año. Tanto su esposa e hijos, como sus bienes inmuebles, estaban en el estado de Connecticut. En ese Estado mantenía su hogar abierto todo el año; en él residía su familia, sirvientes, etc. El demandante-recurrido era miembro de clubs sociales en Connecticut (T.E. p. 28); allí votaba, (T.E. p. 19, 82 y 83); participaba en la política del lugar, (T.E. p. 37–38); tenía sus ahorros depositados (T.E. p. 8); pagaba contribuciones, (T.E. p. 42–43); era miembro de la Iglesia (T.E. 36); pasaba las Navidades (T.E. 31, 32, 33). ▬

Durante esos años el demandante-recurrido no estuvo "de hecho presente" (*actually present*) en Puerto Rico por un período de un año o más. (Exhibit I y II.) Además el demandante-recurrido no puede ser considerado como domiciliado en Puerto Rico ya que no cumplió con ciertos requisitos exigidos por la ley. Disponía la Carta Orgánica de 1917, en su Sección 5 (a) [4] que:

---

[3] Keennan, *Residence and Domicile*, p. 211–222.

[4] Adicionada en el 4 de marzo de 1927.

"Todos los ciudadanos de los Estados Unidos que han residido, o que en lo sucesivo residieren, en la isla *por un año,* serán ciudadanos de Puerto Rico."

Tal como resolvió este Tribunal en *Buscaglia, Tes.* v. *Tribunal de Contribuciones, Pérez, Int.,* 68 D.P.R. 345, la ciudadanía de Puerto Rico está predicada en domicilio en Puerto Rico. *Pero este domicilio necesita para plasmarse, una residencia en Puerto Rico por un término no menor de un año.* (⁵) ▮

La Sesión 5(a) no ha sufrido ningún cambio al adoptarse la Ley de Relaciones Federales. No habiendo estado de hecho presente en Puerto Rico durante los años en controversia, con ánimo de tener aquí su domicilio, el demandante-recurrido no puede ser considerado domiciliado en Puerto Rico.

## II

En la discusión del primer error el recurrente sostiene que el señor Fiddler, para los años en controversia, mantenía una residencia en Puerto Rico y se dedicaba aquí al ejercicio de su profesión de abogado, convirtiéndose, por tanto, en un residente de Puerto Rico a tenor con la definición de "residente" ofrecida por el artículo 183 del Reglamento de Contribuciones sobre Ingresos Núm. 1 del 6 de agosto de 1925. Alega el Secretario de Hacienda que siendo el señor Fiddler un residente de Puerto Rico, viene obligado a pagar contribución sobre ingresos derivados de fuentes en el extranjero según dispone el art. 69 del "Income Tax Regulations No. 1," supra, que complementa la sección 15 de la Ley de Contribuciones sobre Ingresos de 1924, 13 L.P.R.A. sec. 694. ▮

No debemos aceptar la contención del Secretario de Hacienda en cuanto a que el demandante-recurrido era, para los años en controversia, un residente de Puerto Rico dentro del significado de la Ley de Contribuciones sobre Ingresos del

---

(⁵) *Quintero* v. *Tesorero,* 6 D.T.C. 335, 338. La residencia que exige la Enmienda XIV es también en concepto de domicilio. 53 Harvard Law Review 68.

1924 y que el tribunal a quo incurrió en error al resolver que el recurrido era un residente a los efectos del artículo 183 del Reglamento de Contribuciones sobre Ingresos Núm. 1. Ni la Ley de Contribuciones sobre Ingresos del 1924 ni su Reglamento que la complementa definen el concepto "residencia".

El extinto Tribunal de Contribuciones, en *Bonet Berga* v. *Tesorero*, 6 T.C. 342, analizó e interpretó los artículos 183, 185 y 186 del Reglamento de la siguiente manera: ■

"El artículo 183 del Reglamento define al 'no residente no ciudadano' como el individuo: (a) cuya residencia no está en Puerto Rico; (b) que no es ciudadano de Puerto Rico. A renglón seguido dispone que un individuo 'de hecho presente' (actually present) en Puerto Rico, que no es un mero transeunte o visitante, es un residente para los efectos de la contribución sobre ingresos.... Este artículo del Reglamento no nos ayuda mucho porque en la definición usa el concepto a definirse, y porque luego traza normas en cuanto al individuo *de hecho aquí presente*.

"El Art. 185 del mismo Reglamento dispone que por su extranjería 'se presume' que un extranjero es un no residente. Pero esta presunción controvertible es destruida, entre otras cosas, según reza el artículo por los actos y manifestaciones del extranjero que demuestren una intención de adquirir residencia en Puerto Rico, ha sido en tal forma prolongada que lo convierten en un residente.

"El Art. 186 que le sigue, estatuye que un extranjero que ha de adquirir 'residencia' en Puerto Rico, conserva su condición de residente hasta que abandona la misma y de hecho se ausenta de Puerto Rico. Continúa disponiendo que una mera intención de cambiar de residencia no es suficiente para que pierda su status de extranjero residente para adquirir el de un no residente no ciudadano de Puerto Rico.

"Interpretados los artículos 183, 185 y 186 del Reglamento conjuntamente, y ante la ausencia de definición, es preciso concluir que la 'residencia' que contempla la Ley de Contribuciones sobre Ingresos es una de índole jurídica, similar al domicilio, y no una en el concepto material de mera presencia física." ■

Ya este Tribunal había resuelto que tanto bajo la Sección 2(a)(7) de la Ley de Contribuciones sobre Ingresos, como bajo las Secciones 5 y 5(a) de la Carta Orgánica del 1917, la 'residencia' que hace a una persona ciudadana de Puerto Rico, equivale a domicilio. *Buscaglia* v. *Tribunal de Contribuciones, Pérez, Int.*, 68 D.P.R. 345, y *Buscaglia* v. *Tribunal de Contribuciones, Solé, Int.*, 69 D.P.R. 905. El demandante-recurrido no puede ser considerado como un "residente" a los efectos de la Ley de Contribuciones sobre Ingresos ni del Artículo 183 de su Reglamento, ya que no adquirió en esos años domicilio en Puerto Rico. Sin embargo, un contribuyente puede, a los fines de la Ley de Contribuciones sobre Ingresos, "residir" en Puerto Rico, aun cuando esté domiciliado en otro sitio. *Buscaglia* v. *Fiddler*, 157 F.2d 579; *Buscaglia* v. *Tribunal de Contribuciones*, 68 D.P.R. 345. ■

Puede considerarse persona residente en Puerto Rico aquella que ha estado de hecho presente en Puerto Rico por un término no menor de un año sin tener la intención de permanecer indefinidamente en esta isla; o sea (a) de hecho presente por un año o más; y (b) *animus revertendi.* Cf. *González* v. *Secretario de Hacienda*, 76 D.P.R. 135, 141 *et seq.* ■

Si una persona natural residiere en Puerto Rico por un término no menor de un año con la intención de permanecer en esta isla por tiempo indefinido, adquiriría domicilio en Puerto Rico y sería ciudadano de Puerto Rico. O sea (a) de hecho presente por un año o más; (b) *animus manendi.*

Estas definiciones están a tono con las disposiciones acerca de la ciudadanía de Puerto Rico incluidas en la Carta Orgánica de 1917, Sección 5(a) y en la Ley de Relaciones Federales, Sección 5(a) respectivamente.[6] ■

El Secretario de Hacienda ha fundamentado su criterio en una premisa falsa, a saber: que los términos "residencia"

---

[6] Véase Keennan, *On Residence and Domicile*, sec. 13, pág. 31.

y "domicilio" son una misma cosa. Esto lo ha llevado a citar en apoyo de su contención, en cuanto a que el Tribunal Supremo de los Estados Unidos ha sostenido la facultad de los estados de imponer contribuciones sobre los ingresos de sus "residentes" procedentes de fuentes fuera del estado, los casos: *New York ex rel. Cohn v. Graves*, 300 U.S. 308; *Lawrence v. State Tax Commissioner*, 286 U.S. 276; *Guaranty Trust Co. v. Virginia*, 305 U.S. 19; *Virginia v. Imperial Coal Co.*, 293 U.S. 15; *Maguire v. Trefry, Tax. Comm. of Mass.*, 253 U.S. 12. Estos casos no son aplicables al caso de autos. En todos estos la persona natural, o corporación a la cual se le cobran impuestos, *está domiciliada* en el estado. La confusión se hace más patente al incluirse la siguiente cita en el alegato del recurrente: Hellestein, *State and Local Taxation*, (Prentice Hall, Inc.) (1952), págs. 632–633:

"La definición de 'residente' incluye la de 'domicilio' en todos los estados excepto en California, Delaware y Nueva York, los cuales excluyen como residentes a personas domiciliadas en el estado, siempre que reúnan ciertos requisitos. Para la definición empleada en Nueva York y Delaware, véase *Ryan v. Chapman*, supra, pág. 630. Algunos estados tratan de imponer contribución sobre ingresos de fuentes aún fuera del estado a personas que han morado en ellos por corto tiempo, alegando que dichas personas son residentes. Esto parece ser cuestionable en cuanto a ingresos derivados de fuentes fuera del estado. Un número de estados con base constitucional y justificación económica más sólida para fundamentar su actuación, imponen contribuciones sobre ingresos, aún de fuentes fuera de dichos estados, a toda persona que conserve un lugar de morada permanente en el estado por un término específico, aunque el contribuyente no esté domiciliado en dicho estado. . . ." ■

Esta cita estaría más de acuerdo con la tesis de que el estado puede imponer contribuciones sobre ingresos a las personas que "for a prescribed period" residan en el estado. O sea, en el caso de Puerto Rico, las personas que adquieran domicilio ("residencia", según reza la Ley de Contribuciones

sobre Ingresos y su Reglamento) después de estar de hecho presentes en la isla por un término no menor de un año.

Bien claro expresa el autor de la obra citada:

"Algunos estados tratan de imponer contribución sobre ingresos de fuentes aun fuera del estado a personas que han morado en ellos por corto tiempo, alegando que dichas personas son residentes. Esto parece ser cuestionable en cuanto a ingresos derivados de fuentes fuera del estado."

Sostener la tesis de que cuando una persona venga a Puerto Rico por una temporada más o menos larga, queda obligada a pagar contribución sobre ingresos aun sobre los derivados de fuentes en los Estados Unidos, pudiera traer problemas de índole constitucional eventualmente.

### III

Consideramos que tampoco se cometió el tercer error señalado y que se refiere a la imposición de la penalidad del 5% que hizo el funcionario recurrente. Sobre ello se manifestó así el tribunal de instancia:

"En nuestra opinión la deficiencia contributiva, en que incurriera el demandante en el caso de autos, no es atribuible a 'negligence or intentional disregard of rules and regulations' de su parte—o a su intención de hacer caso omiso de tales reglas y reglamentos. No procede la imposición de la penalidad del 5%."

El único argumento que nos presenta el recurrente para sostener su tercer señalamiento de error es que "Se trata de una planilla de un abogado de más de 40 años de experiencia en la profesión, experto en contribuciones quien ha dejado de declarar ingresos en contra de la clara letra del Reglamento y de la ley aplicables." Ni el estatuto ni su reglamento disponen que cuando el contribuyente sea un experto en materia contributiva se entenderá que su negativa a pagar la contribución constituye, por esa única circunstancia, negligencia o desprecio intencional de los mismos.

En materia de penalidades por no pagar contribuciones cada caso debe resolverse por sus propios méritos, teniéndose en cuenta sus peculiares circunstancias. Precisamente, con las personas que conocen bien las complejas leyes contributivas, que han hecho de su estudio, análisis, interpretación y aplicación una especialidad, hay más probabilidad que surjan discrepancias genuinas en cuanto a conceptos de ingresos que con aquellas que ningún conocimiento tienen sobre esas cuestiones. Por ser un experto no se puede penalizar a nadie. ■

Coincidimos con el tribunal a quo en que la conducta del contribuyente en este caso no constituyó la negligencia o desprecio intencional fundamento o supuesto de la autoridad para imponer la penalidad.

*Se confirmará la sentencia recurrida.*