WILLIAM J. GREEN, demandante y recurrente, *v.* ANN Z. GREEN, demandada y recurrida.

*Número:* 619    *Resuelto:* 25 de marzo de 1963

*Francisco Torres Aguiar,* abogado del recurrente; *A. Castro Fernández* y *Francisco Castro Amy,* abogados de la recurrida.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

William J. Green, un miembro de las fuerzas armadas de los Estados Unidos de América, estacionado en Puerto Rico desde el 15 de diciembre de 1959, instó ante el Tribunal Su-

perior, Sala de San Juan, en 15 de marzo de 1961, acción de divorcio contra su esposa Ann Z. Green por la causal de separación por más de tres años. La demandada impugnó la jurisdicción del Tribunal fundándose en que la causa de acción no había ocurrido en Puerto Rico ni el demandante había adquirido la residencia en esta Isla que exige el Art. 97 del Código Civil de Puerto Rico (31 L.P.R.A. sec. 331).[1]

Oídas las partes sobre la impugnación, el Tribunal de instancia la declaró con lugar y desestimó la demanda por falta de jurisdicción.

¿Puede un miembro de las fuerzas armadas establecer su domicilio en un lugar diferente al sitio donde residía cuando ingresó en dichas fuerzas armadas? Esa es la única cuestión a resolver en este recurso.

La residencia que requiere el citado Art. 97 del Código Civil (Véase escolio 1) equivale a domicilio. *González Miranda v. Santiago*, 84 D.P.R. 380, (1962). En dicho caso dijimos:

"Ahora bien, conforme dispone el artículo 11 de nuestro Código Político, para determinar el lugar de domicilio se observarán las siguientes reglas:

'1. Es el lugar donde reside habitualmente una persona, cuando no es llamada a otra parte para trabajar en otro objeto temporal, y al cual retorna en las épocas de descanso.

'2. Sólo puede haber un domicilio.

'  .    .    .    .    .    .    .    .

'7. El domicilio puede cambiarse sólo mediante la unión del acto y del intento.'

"Las partes están contestes en que para adquirir un domicilio por selección voluntaria, es necesario que concurran dos requisitos, a saber: (1) presencia física y (2) intención de permanecer en el sitio seleccionado. Kennan, *On Residence and Domicile*, sección 13; 53 Harv. L. Rev. 68."

[1] Dicho Art. 97 en lo pertinente dispone:
"Ninguna persona podrá obtener el divorcio de acuerdo con este título, que no haya residido en el Estado Libre Asociado un año inmediatamente antes de hacer la demanda, a menos que la causa en que se funde se cometiera en Puerto Rico o cuando uno de los cónyuges residiese aquí."

Más adelante agregamos en dicho caso que "para que tenga lugar un cambio de domicilio debe existir el hecho de abandonar físicamente el primer domicilio y la intención firme de no regresar; y debe existir un nuevo domicilio adquirido mediante el hecho de residir en otro lugar con la intención de que ese sea su hogar permanente." Es decir, debe existir presencia de *animus manendi* con respecto al lugar donde se está establecido y ausencia de *animus revertendi* con referencia al lugar donde antes se tenía establecido el domicilio.

■ La doctrina general es al efecto de que los miembros de las fuerzas armadas, no importa donde se encuentren físicamente, conservan el domicilio del lugar donde ingresan en dichas fuerzas armadas, si allí tenían su domicilio. *Foss* v. *Ferris*, 63 D.P.R. 570.

■ Sin embargo, cuando concurren determinadas circunstancias especiales, se ha establecido, como excepción a la regla general, la posibilidad de que un miembro de las fuerzas armadas establezca su domicilio en el lugar donde sea asignado a servir. Así por ejemplo, el intento de establecer el domicilio tiene que ser bona fide y objetivamente manifestado, *O'Keefe* v. *O'Keefe*, 192 S.W.2d 556; el hecho de vivir fuera de la base sin que se lo exijan así las autoridades militares; *Clark* v. *Clark*, 225 P.2d 486; la adquisición de propiedad inmueble, *Gallagher* v. *Gallagher*, 214 S.W. 516; ejercer el derecho al voto en el estado donde está asignado, *Gibson* v. *Gibson*, 10 So.2d 82.

El tribunal de instancia descansó en el caso de *Foss* v. *Ferris*, supra. Sin embargo, los hechos en dicho caso no demostraron que el sargento Foss tuviera la intención de establecer su domicilio en Puerto Rico y si permanecía en la Isla era porque no tenía otra alternativa mientras que los hechos en el presente caso establecen las circunstancias especiales que le hacen caer dentro de la excepción a la regla general ya apuntada.

840

El demandante Green ingresó en las fuerzas navales de Estados Unidos hace unos once años. Había venido a Puerto Rico en varias ocasiones y a petición suya fue asignado para prestar servicios en nuestra Isla. Tenía la intención de establecer aquí su domicilio y dedicarse a los negocios. Cuando llegó a Puerto Rico vivió siempre y vive en la actualidad fuera de la base naval. Abrió su cuenta en un banco de San Juan y adquirió por compra un automóvil. Los períodos de vacaciones los ha pasado en la Isla. Es dueño aquí de la empresa Ponce de León Bottling Company, un negocio de agua manantial y gaseosas que posee camiones, automóviles y motocicletas. Posee un permiso de uso de la Junta de Planificación para dedicarse al negocio de lavandería. Votó en las elecciones generales celebradas en Puerto Rico en el año 1960 y finalmente, trasladará a Puerto Rico a su padre y a sus hermanas.

*Por lo tanto, la doctrina del caso de Foss, supra, no es de estricta aplicación al recurrente Green y en su consecuencia se anulará la resolución del Tribunal Superior desestimando la demanda y se devolverá el caso para ulteriores procedimientos.*