ESPERANZA PRAWL y LEYVÁ, demandante y recurrente, *v.* ÁNGEL RAFAEL LAFITA DELFÍN, demandado y recurrido.

*Número:* R-70-353    *Resuelto:* 7 de junio de 1971

*Domingo R. Emanuelli,* abogado de la recurrente.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Se trata de una acción de divorcio por la causal de separación. La demandante es la mujer. Las partes se casaron en Cuba en 24 de octubre de 1959. Se separaron en marzo de 1967, mientras vivían en Madrid. Luego de vivir en los Estados Unidos, la demandante vino a Puerto Rico en julio de 1968 y desde entonces reside en este país. Presentó la demanda de divorcio en Puerto Rico en 9 de septiembre de 1970. Al presentarla, la demandante ya había residido en Puerto Rico más de un año. De hecho, ya había residido aquí más de dos años. Llevaba, al presentar la demanda, tres años y medio separada de su marido.

A pesar de lo anterior el tribunal de instancia resolvió que no procedía decretar el divorcio "ya que ninguna de las partes ha residido en Puerto Rico durante dicho término." Al decir "dicho término" el tribunal se refería al de tres años de separación que la ley exigía entonces para esa causal.

La demandante señaló como erróneo ese razonamiento del tribunal de instancia. El error señalado se cometió. El Art. 97

del Código Civil, 31 L.P.R.A. sec. 331, dispone, en lo perti-
nente, como sigue:

"Ninguna persona podrá obtener el divorcio de acuerdo con
este título, que no haya residido en el Estado Libre Asociado un
año inmediatamente antes de hacer la demanda, a menos que la
causa en que se funde se cometiera en Puerto Rico o cuando uno
de los cónyuges residiese aquí."

▮ De la lectura de esa disposición puede apreciarse que
la misma expresa, en otras palabras, que la regla general es
que para obtener el divorcio en Puerto Rico quién lo solicita
debe haber residido aquí por lo menos un año. Pero esa dis-
posición contiene dos excepciones a dicha regla general. Una
es cuando la causal se cometiera en Puerto Rico. La otra
es cuando uno de los cónyuges residiese aquí. En el caso de
autos, la demandante no tenía que valerse de ninguna de
esas dos excepciones porque ella cumplía con la regla general:
había residido aquí más de un año antes de presentar la
demanda.

▮ En casos de divorcio, si la parte demandante ha
residido en Puerto Rico un año o más antes de presentar la
demanda (como en el caso de autos) el Art. 97 antes citado
no presenta ningún problema en lo que a residencia y domi-
cilio se refiere. Residencia y domicilio, legalmente hablando,
no son sinónimos. *Domicilio* es el lugar en donde reside ha-
bitualmente una persona. Es su sitio permanente de vivienda.
Sólo puede haber un domicilio. No puede perderse o cam-
biarse un domicilio hasta adquirirse otro. *Residencia* es el
lugar donde vive o reside una persona temporalmente, ya
sea por motivo de trabajo, de estudios, o de placer. Se tiene
un solo domicilio; se pueden tener una o más residencias.
Se puede ser residente en Puerto Rico sin tener la intención
de permanecer indefinidamente aquí. Art. 11 del Código
Político; 31 L.P.R.A. sec. 8; *Martínez* v. *Vda. de Martínez*,
88 D.P.R. 443, 449 (1963); *Fiddler* v. *Srio. de Hacienda*,
85 D.P.R. 316, 326 (1962). Ambos términos—residencia y

domicilio—han sido utilizados como equivalentes al trabajar con el citado Art. 97 del Código Civil, *Foss* v. *Ferris*, 63 D.P.R. 570 (1944), pero la realidad es que el Código exige el más fácil de cumplir, esto es, la *residencia* en Puerto Rico de por lo menos un año. Desde luego, si se ha tenido el domicilio aquí por ese término también se cumple con ese requisito del Art. 97.

A tenor con dicho Art. 97, si el demandante no ha residido en el país por lo menos un año no podría presentar la demanda, pero si a pesar de eso la causal se cometió en Puerto Rico o si el otro cónyuge reside aquí el problema se desvanece y puede presentarla.

Al tratarse de las causales de divorcio es necesario conocer o recordar que mientras algunas son susceptibles de cometerse en un acto, otras requieren que transcurra determinado tiempo o plazo que fija la ley. Aún en otras—el trato cruel, por ejemplo, o las injurias graves también—dependerá de las circunstancias de cada caso si se cometieron en un día o en un lapso mayor de tiempo. Así por ejemplo, las causales de adulterio y la de el conato o propósito del marido de prostituir a sus hijas o a su mujer pueden cometerse en un día o en un momento dado. Por el contrario, las causales de abandono y de separación requieren un lapso de tiempo expresamente fijado por la ley. También, por sus propios términos, la causal de embriaguez habitual o del uso contínuo y excesivo de drogas requiere que transcurra algún tiempo.

■ Debido a esa naturaleza diferente de las causales de divorcio—que hace que unas puedan cometerse en un acto o momento dado mientras que otras requieren que transcurra un período de tiempo—es que, bajo el Art. 97 del Código Civil, sería posible para unos cónyuges no residentes ambos y de visita en la isla por unos días, obtener aquí una sentencia de divorcio si la causal en que se basa la demanda se comete en Puerto Rico y si es una de las que pueden cometerse en un acto o momento dado. Así, en *Mestre* v. *Pabeyón*,

84 D.P.R. 369 (1962), resolvimos que si la causa que da base al divorcio se comete en Puerto Rico, no se requiere que el demandante esté domiciliado aquí. Allí ambas partes estaban domiciliadas en Nueva York. Vinieron a Puerto Rico a pasar una temporada. Ella demandó por trato cruel cometido en Puerto Rico y él contrademandó por adulterio también alegadamente cometido aquí. El tribunal de instancia desestimó la demanda por entender que por lo menos una de las dos partes debía estar domiciliada en Puerto Rico y ninguna lo estaba. Revocamos.

En *González Miranda* v. *Santiago*, 84 D.P.R. 380 (1962), el tribunal de instancia también desestimó la demanda por la razón de que ninguno de los dos cónyuges estaba domiciliado aquí y aparentemente entendía que por lo menos uno debía estarlo. Revocamos y devolvimos el caso para ulteriores procedimientos. Este era un caso de abandono. Allí dijimos a la pág. 382:

"En casos de abandono, la causal que da derecho al divòrcio no se 'comete' con el acto inicial de la separación. No es hasta que ha transcurrido el período de tiempo fijado por la ley, según hemos expuesto, como constitutivo de abandono, que se plasma la causal definitiva que da derecho al divorcio."

En el caso de autos la situación es favorable a la demandante pues como ella y su marido se separaron en marzo de 1967 ya llevaban más de tres años de separados cuando ella presentó la demanda en 9 de septiembre de 1970. Y como vimos, la demandante llevaba también más de un año residiendo en Puerto Rico. En su caso se han cumplido ambos requisitos que la situación propia de ella requería: el año de residencia en Puerto Rico y el vencimiento del plazo de tres años necesario para que se plasmara o cobrara existencia la causal de separación.[1] Por eso en su caso correspondía decretar el divorcio.

[1] Desde el 2 de abril de 1971 el plazo requerido para la separación es de dos años. Ley Núm. 11 de 2 de abril de 1971; enmendatoria del Art. 96 del Código Civil, 31 L.P.R.A. sec. 321, Suplemento.

*Se revocará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en este caso, en 30 de noviembre de 1970 y se dictará una declarando con lugar la demanda y roto y disuelto el vínculo matrimonial que existía entre las partes.*

El Juez Presidente Señor Negrón Fernández no intervino.