Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MILEANDRA FLORES CONCEPCIÓN<br><br>Recurrida<br><br>V.<br><br>CHANDLER PATTON<br><br>Peticionario | KLCE202301411 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.:<br>HU2023RF00526<br><br>Sobre:<br>Divorcio |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de enero de 2024.

-I-

Comparece ante nos el Sr. Chandler Patton (señor Patton o peticionario) para solicitarnos que revoquemos una *Orden* emitida el 27 de noviembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI).[1] Mediante dicha determinación, el TPI declaró No Ha Lugar a la *Moción solicitando desestimación y archivo de la demanda de epígrafe* que presentó el peticionario con relación a la *Demanda* sobre divorcio y custodia que instó la señora Mileandra Flores Concepción (señora Flores Concepción o recurrida).

Transcurrido el término concedido a la recurrida para expresarse en torno a los méritos del recurso sin su comparecencia, el caso quedó sometido para su adjudicación.

Por los fundamentos que esbozamos a continuación, denegamos la expedición del auto del *certiorari* solicitado.

Veamos los hechos procesales atinentes a este recurso.

---

[1] Apéndice de la *Petición de Certiorari,* Anejo V, pág. 25. Archivada y notificada en autos el 28 de noviembre de 2023.

-II-

La controversia ante nuestra consideración deriva de una demanda de divorcio por ruptura irreparable y custodia presentada el 16 de octubre de 2023 por la señora Flores Concepción en contra del señor Patton.[2] En la misma, se adujo que el 3 de abril de 2023, la demandante contrajo matrimonio con el peticionario en el estado de Florida, Estados Unidos de América. Arguyó que las partes procrearon dos (2) hijos: un menor de tres (3) años de edad y una menor de un (1) año de edad, quien no está reconocida por el señor Patton. Estableció que mantiene su domicilio y residencia en Puerto Rico con su hijo desde septiembre de 2021 y con su hija desde su nacimiento. Esgrimió que siempre vivió con sus hijos y que en un lapso de dos (2) años, el señor Patton los visitó en una ocasión en febrero de 2023. Alegó que ambas partes viajaron a Florida en marzo de 2023 para contraer matrimonio, pero que retornó a Puerto Rico con sus hijos.[3] Expuso que las partes se reencontraron en agosto de 2023 cuando visitó al señor Patton junto con los menores, pero se separaron el 16 de septiembre de 2023 por un alegado acto de agresión y maltrato de parte del peticionario contra la recurrida y su hijo, en presencia de su hija. Manifestó que dicho evento causó daño emocional, físico y mental a los menores.

Precisó que el peticionario la alejó de sus hijos, pese a los esfuerzos realizados para tenerlos y retornar a Puerto Rico. Concretó que temía que sus hijos fuesen maltratados. Además, señaló que el señor Patton atacó a sus hermanas cuando estaban embarazadas y consumió sustancias controladas y alcohol con un infante en su brazo. Por ello, solicitó la custodia legal de los menores y que se le prive al peticionario de la patria potestad de su hijo. Reclamó que el TPI dictara una urgente determinación inicial de custodia y retuviera la

---

[2] *Íd.*, Anejo I, págs. 1-8.
[3] *Íd.*, Anejo IV, pág. 4.

jurisdicción en los asuntos relacionados a los menores. Por último, peticionó referir el caso a un Examinador de Pensión Alimentaria.

El 18 de octubre de 2023, tras la celebración de una *Vista de custodia de emergencia,*[4] el TPI emitió un dictamen urgente en el que ordenó la custodia provisional de los menores a la señora Flores Concepción y su regreso inmediato a Puerto Rico.[5]

El 23 de octubre de 2023, la recurrida presentó un escrito en el que informó que el 19 de octubre de 2023 se emplazó al peticionario mediante entrega personal en Florida.[6]

Así las cosas, el 6 de noviembre de 2023, la señora Flores Concepción presentó una moción informativa indicando que el señor Patton se negó a entregar a los menores dado que debía darse entera fe y crédito al dictamen en la Corte en Hillsborough County, Florida.[7] Informó que el peticionario instó una demanda de divorcio en la aludida Corte y reclamó una custodia de emergencia, la cual no se concedió. Reveló que cuando su abogada en Florida presentó una petición de exequátur, un Juez planteó que el peticionario solicitó una orden de emergencia para anular el decreto emitido el 18 de octubre de 2023 por el TPI. Por ello, dicho Juez enunció que se debía programar una audiencia entre los tribunales para dirimir el asunto de la jurisdicción.

Posteriormente, el 18 de noviembre de 2023, el señor Patton presentó una *Moción solicitando desestimación y archivo de la demanda de epígrafe* por incumplir con el Artículo 424 del Código Civil de Puerto Rico, 31 LPRA sec. 6771, sobre requisitos jurisdiccionales para el divorcio.[8] Mediante esta, sostuvo que el TPI carecía de

---

[4] Tomamos conocimiento judicial del expediente del caso HU2023RF00526 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 16.
[5] Entrada Núm. 13 en SUMAC. Archivada y notificada en autos el 19 de octubre de 2023.
[6] Entrada Núm. 14 en SUMAC.
[7] Entrada Núm. 17 en SUMAC. Se anejó evidencia de plan médico, registros médicos y de vacunas de los menores, certificación de estudios universitarios, contrato de arrendamiento y cartas de vecinos, afirmando que la recurrida vive en Puerto Rico.
[8] Apéndice de la *Petición de Certiorari,* Anejo III, págs. 11-14.

jurisdicción sobre la materia dado que las partes establecieron su domicilio conyugal en Hillsborough County, y que, dos (2) meses previos a la fecha de la radicación de la demanda, la señora Flores Concepción abandonó a sus hijos y al señor Patton. Aseveró que la recurrida fue arrestada por agresión conyugal en Florida. Asimismo, arguyó que el TPI no adquirió jurisdicción sobre su persona dado que no lo emplazaron conforme a derecho. Por cuanto, solicitó la desestimación de la demanda y la imposición a la recurrida del pago de dos mil dólares ($2,000) por concepto de costas y honorarios de abogado.

Por su parte, el 21 de noviembre de 2023, la señora Flores Concepción se opuso y manifestó que desde septiembre de 2021 reside ininterrumpidamente en Puerto Rico, donde cursa estudios universitarios, posee un inmueble alquilado con habitaciones para cada menor desde enero del 2023, y sus hijos reciben atención médica.[9] Apuntó que consideró vivir en Florida, pero por el alegado maltrato verbal y físico del peticionario, le comunicó a este que no establecerían un hogar juntos, solicitaría el divorcio y continuaría residiendo en Puerto Rico. Subrayó que el presunto domicilio conyugal en Hillsborough County es la residencia de los padres del señor Patton, la cual consta de cuatro (4) habitaciones, dos (2) ocupadas por las hermanas del peticionario con sus respectivos hijos, una (1) ocupada por sus padres y otra en la que el peticionario pernoctó con la recurrente y sus hijos. Expresó que los cargos criminales en su contra se archivaron y emanan de una llamada que realizó a la policía por un acto de violencia doméstica perpetrado por el señor Patton. Afirmó que el peticionario continúa reteniendo y ocultándole a sus hijos para reclamar jurisdicción en el estado de Florida.

---

[9] *Íd.*, Anejo IV, págs. 15-24.

El 27 de noviembre de 2023, el TPI declaró No Ha Lugar a la desestimación y archivo de la demanda.[10] En igual fecha, el Tribunal *a quo* le anotó la rebeldía al señor Patton.[11]

Inconforme con la denegatoria del TPI a desestimar y archivar la demanda, el peticionario recurrió ante nos y le imputó a dicho foro la comisión del siguiente error:

> ERRÓ EL JUEZ SENTENCIADOR AL DECLARAR NO HA LUGAR LA MOCIÓN SOLICITANDO LA DESESTIMACIÓN RADICADA. ERRÓ EL JUEZ SENTENCIADOR AL NO CONSIDERAR TODAS LAS MATERIAS, ALEGACIONES Y LOS PLANTEAMIENTOS HECHOS POR LA PETICIONARIA EN SU MOCIÓN DE DESESTIMACIÓN.

En síntesis, el señor Patton solicitó la desestimación de la demanda de divorcio por ruptura irreparable debido a que: (1) las partes establecieron su domicilio conyugal en Hillsborough County y que la demandante no ha residido en Puerto Rico durante un año previo a la presentación de la demanda, y (2) los hechos que generaron la ruptura ocurrieron en Florida, por lo que el TPI no poseía jurisdicción y, como consecuencia, todos los remedios otorgados por el Foro recurrido carecían de eficacia jurídica.

En vista de los errores imputados, exponemos las normas jurídicas pertinentes a este recurso.

-III-

-A-

El *certiorari* es un recurso extraordinario cuya característica se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En los procesos civiles, la expedición de

---

[10] *Íd.*, Anejo V, pág. 25. Archivada y notificada en autos el 28 de noviembre de 2023.
[11] Entrada Núm. 24 en SUMAC.

un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *McNeil Healthcare v. Mun. Las Piedras I, supra; Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). La mencionada Regla dispone que sólo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo". *800 Ponce de León v. AIJ, supra.* Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

A tenor con estos criterios, como foro revisor, tenemos la obligación de obrar con discernimiento judicial en nuestra intervención para no interrumpir a destiempo el trámite ante el tribunal de instancia. *Torres Martínez v. Torres Ghigliotty, supra*, pág. 98. De esta forma, de no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari*.

-B-

La Regla 10.2 de Procedimiento Civil, *supra*, 10.2, enumera los fundamentos por los que se permite la desestimación de la

demanda como, entre otros, dejar de exponer una reclamación que justifique la concesión de un remedio. Al evaluar una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, el tribunal debe interpretar las alegaciones e la demanda, de la manera más liberal posible a favor de la parte demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428-429 (2008). En este sentido, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Íd.*, pág. 428; *Colón Gorbea v. Sánchez Hernández et al.*, 202 DPR 760, 765 (2019); *Pressure Vessels PR v. Empire Gas PR*, 137 DPR 497, 505 (1994). Importante es que una demanda sólo debe tener una relación sucinta y sencilla de los hechos demostrativo de que la parte demandante tiene derecho a un remedio. Véase, Regla 6.1 de Procedimiento Civil, *supra*, R. 6.1. No obstante, en este ejercicio no se presumirán como ciertas las conclusiones legales ni los elementos de la causa de acción apoyados por aseveraciones conclusorias. R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Lexis Nexis, 2017, pág. 307.

Posteriormente, el tribunal debe determinar si, en base a los hechos bien alegados en la demanda, existe una reclamación plausible que justifique que la parte demandante tiene derecho a un remedio, a la luz de la experiencia y el sentido común. *Íd.* De no cumplir con el estándar de plausibilidad, "el tribunal debe desestimar la demanda y no permitir que una demanda insuficiente proceda bajo el pretexto de que con el descubrimiento de prueba puedan probarse las alegaciones conclusorias". *Íd.*

Por ello, la demanda no debe desestimarse, excepto que se demuestre que la parte demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar. *Aut. Tierras v.*

*Moreno & Ruiz Dev. Corp., supra*, pág. 429. Igualmente, la demanda no debe ser desestimada si es susceptible de ser enmendada. *Íd.*

-C-

La jurisdicción es el poder o la autoridad que ostenta un tribunal para considerar y decidir los casos y las controversias que tiene ante sí. *FCPR v. ELA y otros*, 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022), *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Cancel Rivera v. González Ruiz*, 200 DPR 319, 329 (2018); *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). El Tribunal tiene el deber de cerciorarse de tener jurisdicción tanto de la materia como de la persona. *FCPR v. ELA y otros, supra,* pág. 530. La jurisdicción sobre la materia es la "capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal". *Cobra Acquisitions v. Mun. Yabucoa et al., supra, citando a Rodríguez Rivera v. De León Otaño,* 191 DPR 700, 708 (2014). Mientras, la jurisdicción sobre la persona es el poder que posee un tribunal para sujetar a una persona a un dictamen. *Trans-Oceanic Life Ins. v. Oracle,* 184 DPR 689, 701 (2012).

La determinación de la jurisdicción es el primer factor que todo foro adjudicativo debe considerar. *FCPR v. ELA y otros, supra; Natal Albelo v. Romero Lugo y otros,* 206 DPR 465, 537 (2021). Pues, los tribunales deben ser celosos guardianes de su jurisdicción. *Íd.* En este sentido, las controversias relativas a la jurisdicción son privilegiadas y se deben atender con preferencia. *Íd.* Si un tribunal carece de jurisdicción, debe desestimar la reclamación sin atender la controversia en sus méritos puesto que, de emitir un dictamen sin jurisdicción, no producirá efecto jurídico. *FCPR v. ELA y otros, supra.*

-D-

Nuestro Tribunal Supremo ha establecido que los casos relacionados al derecho de familia están investidos del más alto interés público y tienen carácter *sui géneris. Figueroa v. Del Rosario,* 147 DPR

121, 128 (1998). Los tribunales, en su poder de *parens patrie*, deben solventar los pleitos sobre patria potestad y custodia tras un análisis objetivo, sereno y cuidadoso de todas las circunstancias, con el único y principal objetivo de velar por el interés óptimo del menor de edad. *Ortiz v. Meléndez*, 164 DPR 16, 26-27 (2005); *Santana Medrano v. Acevedo Osorio*, 116 DPR 298, 301 (1985); Véase Art. 604 del Código Civil de Puerto Rico, 31 LPRA sec. 7283. El interés óptimo del menor es un criterio cardinal en la determinación del domicilio del menor ante desacuerdos entre los progenitores, en las medidas provisionales relacionadas con los menores ante el divorcio de los progenitores y otras acciones que vinculan a los menores. M. Fraticelli Torres, *Las instituciones familiares en el nuevo Código Civil*, en *El Código Civil de Puerto Rico de 2020: primeras impresiones*, San Juan: Fideicomiso para la Escuela de Derecho de la Universidad de Puerto Rico, 2021, pág. 99. Además, el poder de *parens patrie* faculta limitar los derechos de otras partes para proteger al menor de edad, quien pertenece a uno de los sectores más débiles de la sociedad y no puede abogar por su propio bienestar. *Ortiz v. Meléndez, supra*, pág. 27.

La jurisdicción de un tribunal para atender un pleito relacionado a custodia afianza la complejidad que encaran estos casos. R. Serrano Geyls, *Derecho de familia de Puerto Rico y legislación comparada*, Vol. II, San Juan: EJC Univ. Inter. PR, 2002, pág. 1327. Pues, "[l]a naturaleza de los conflictos sobre la custodia y las relaciones filiales pueden generar situaciones en las que varias jurisdicciones tengan contacto con el menor y sus progenitores". *Íd.*

Con el fin de atender los conflictos jurisdiccionales, el Congreso de Estados Unidos aprobó el *Parental Kidnapping Prevention Act* (PKPA), 42 USC sec. 653 *et seq.* Dicho estatuto ocupa el campo en decretos interestatales de custodia, *Santiago v. Kabuka*, 166 DPR 526, 534 (2005), y es aplicable a Puerto Rico. *Cancel Rivera v. González Ruiz, supra*, en la pág. 330. "El PKPA ordena a los tribunales a

reconocer entera fe y crédito a los decretos de custodia de otros estados o jurisdicciones, siempre que éstos hayan sido admitidos consecuentemente con las disposiciones del estatuto y el foro original continúe teniendo jurisdicción sobre la materia de custodia del menor". *Santiago v. Kabuka, supra.* Este estatuto estableció un esquema de preferencia jurisdiccional cuando los progenitores están en distintas jurisdicciones, excepto en eventualidades de emergencia. Se basa en cuatro factores en el siguiente orden preferencial: (1) estado de residencia del menor, (2) contactos significativos con el menor o sus progenitores, (3) jurisdicción residual cuando no existe otro estado con jurisdicción o ha declinado ejercerla y (4) situaciones en las que el menor se encuentra en emergencia. *Íd.* pág. 535; *Collazo Dragoni v. Noceda González,* 198 DPR 476, 484 (2017); R. Serrano Geyls, *op. cit.,* pág. 1328. A saber:

> (c) A child custody or visitation determination made by a court of a State is consistent with the provisions of this section only if
>> (1) such court has jurisdiction under the law of such State; and
>> (2) one of the following conditions is met:
>>> **(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child's home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State;**
>>> (B) (i) it appears that no other State would have jurisdiction under subparagraph (A), and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State other than mere physical presence in such State, and (II) there is available in such State substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
>>> (C) the child is physically present in such State and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because the child, a sibling, or parent of the child has been subjected to or threatened with mistreatment or abuse;
>>> (D) (i) it appears that no other State would have jurisdiction under subparagraph (A), (B), (C), or (E), or another State has declined to exercise jurisdiction on the ground that the State whose jurisdiction is in issue is the more appropriate forum to determine the custody or visitation of the child, and (ii) it is in the best interest of the child that such court assume jurisdiction; or

> (E) the court has continuing jurisdiction pursuant to subsection (d) of this section. 28 USCA sec. 1738A (Énfasis nuestro).

El PKPA dispone como jurisdicción preferencial el estado de residencia del menor. *Santiago v. Kabuka, supra,* 536; *Cancel Rivera v. González Ruiz, supra,* en la pág. 333; *Ortega, Jr. v. Morales Ortega,* 131 DPR 783, 791 (1992). El estado de residencia del menor o *home state* es definido como el estado donde el menor de edad haya residido por los últimos seis (6) meses antes de instar la acción legal. *Íd.*; *Collazo Dragoni v. Noceda González, supra,* pág. 483, *refiriéndose a* 28 USCA sec. 1738A(b)(4). Por otro lado, los periodos de ausencia temporal se cuentan como parte de los últimos seis (6) meses en el estado de residencia del menor. 28 USCA sec. 1738A(b)(4).

-E-

En torno a la jurisdicción en los casos de divorcio, el Artículo 424 del Código Civil dispone lo siguiente:

> Ninguna persona puede solicitar u obtener la disolución de su matrimonio por divorcio, de conformidad con las disposiciones de este Código, si no ha residido en Puerto Rico por un año, de manera continua e inmediatamente antes de presentar la petición, a menos que los motivos que dan lugar a la petición individual en que se funde haya ocurrido en Puerto Rico o cuando uno de los cónyuges reside aquí. El periodo de residencia del cónyuge promovente puede ser menos si la muerte presunta del cónyuge ocurre en Puerto Rico. 31 LPRA sec. 6771.

En lo que respecta al término residencia, se definió como "el lugar en que una persona se encuentra durante más o menos tiempo, accidental o incidentalmente, sin intención de domiciliarse". *SLG Solá-Maldonado v. Bengoa Becerra,* 182 DPR 675, 688 (2011), *citando* a E. Vázquez Bote, *Concepto del domicilio en el derecho puertorriqueño,* 61 Rev. Jur. UPR 25, 57 (1992). En cambio, el domicilio es "la residencia habitual deseada y realizada . . . [que] supone una proyección temporal, conforme con la nota de habitualidad". *Íd.* A pesar de que sólo se puede tener un domicilio que no es susceptible de cambiarse hasta adquirirse otro, se puede tener varias residencias. *Prawl v. Latifa Delfín,* 100 DPR 35, 37 (1971).

-IV-

El peticionario plantea que el TPI cometió error al declarar No Ha Lugar a su moción solicitando desestimación, dado que la acción incoada por la recurrida carece de los requisitos jurisdiccionales esenciales para una acción de divorcio en los tribunales de Puerto Rico.

Como cuestión de umbral, nos topamos ante un recurso susceptible de revisión mediante *certiorari*, de conformidad con la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, debido a que se recurrió ante un dictamen interlocutorio emitido por el TPI. De un examen sosegado de los planteamientos de las partes, del expediente ante nuestra consideración y de la normativa jurídica aplicable a este recurso, determinamos denegar la expedición del auto de *certiorari*. Declinamos intervenir con la determinación del Foro Primario dado que, de los autos, no atisbamos que el TPI haya actuado contrario a derecho, con abuso de discreción, prejuicio, parcialidad o error claro y manifiesto al declarar No Ha Lugar a la solicitud de desestimación presentada por el señor Patton. Será necesario que el foro primario dirima las versiones encontradas sobre el lugar de domicilio de la demandante y los menores procreados entre las partes y establezca las conclusiones que entienda procedentes sobre su jurisdicción.

La conclusión aquí alcanzada no es óbice para que en su momento, una vez el TPI emita sus determinaciones sobre los diversos asuntos ante su consideración, la parte que se entienda adversamente afectada recurra nuevamente ante este Foro.

Por último, por resultar académica ante la conclusión anunciada la *Moción en cumplimiento de orden y solicitud de desestimación* presentada que nos presentó la recurrida, se declara la misma No Ha Lugar.

-V-

Por las razones antes expuestas, declinamos intervenir y, en consecuencia, se deniega la expedición del auto de *certiorari*. Se devuelve el caso al TPI para la continuación de los procedimientos.

Lo acuerda el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones