ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **MARYVONNE BIASCOECHEA MARTÍNEZ DE ANDINO**<br><br>Apelante<br><br>v.<br><br>**PABLO ARTURO MUNIZAGA ESPINA**<br><br>Apelado | TA2025AP00120 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.:<br>**SJ2024RF01676**<br><br>Sobre: Divorcio – Ruptura Irreparable |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez.[1]

Cintrón Cintrón, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 28 de agosto de 2025.

Comparece ante este foro revisor, Maryvonne Biascoechea Martínez De Andino (señora Biascoechea Martínez De Andino o parte apelante) mediante *Recurso de Apelación* y nos solicita que revoquemos la *Sentencia* emitida el 7 de mayo de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante el referido dictamen, el foro primario declaró *Ha Lugar* la *Moción de desestimación [...]* instada por Pablo Arturo Muñizaga Espina (señor Muñizaga Espina) y, en consecuencia, declinó ejercer su jurisdicción y desestimó la causa de acción sobre divorcio.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

## I.

Según surge del expediente, el 17 de diciembre de 2024, la señora Biascoechea Martínez De Andino incoó una *Demanda de Divorcio por Ruptura Irreparable* contra el señor Muñizaga Espina.

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones.

Adujo que, el 15 de febrero de 1992, contrajo matrimonio con el señor Muñizaga Espina en Carolina, Puerto Rico, bajo el régimen de sociedad legal de gananciales. Añadió que, desde el matrimonio, ambos vivieron indistintamente en otros países extranjeros pero principalmente en Santiago, Chile y en San Juan, Puerto Rico. Sin embargo, alegó que, entre ambas partes, surgieron desavenencias que provocaron una ruptura irreparable de los nexos de convivencia matrimonial y que no existía posibilidad de una reconciliación. Por tal razón, solicitó al foro primario que declarara disuelto el vínculo matrimonial entre las partes y, a su vez, que emitiera una medida cautelar sobre el bien inmueble que constituía su residencia.

Luego, el foro primario mediante *Orden* de 16 de enero de 2025 le requirió a la señora Biascoechea Martínez De Andino que fundamentara las razones por las cuales no debía desestimar su demanda por haberse tornado académica debido a que existía una petición de separación matrimonial en otro procedimiento ante los foros judiciales de Chile.

Ante ello, el 3 de febrero de 2025, la señora Biascoechea Martínez De Andino presentó una *Moción en Cumplimiento de Orden*. Mediante la misma, explicó que el proceso judicial que se llevó a cabo en Chile no era precisamente un divorcio, sino que en dicho país la separación judicial tenía como único fin la separación del matrimonio en términos de régimen económico y bienes, y que, no sería hasta luego de tres años de decretada la referida separación que podría solicitar el divorcio.

Luego de varias incidencias procesales, el 6 de mayo de 2025, el señor Muñizaga Espina presentó una *Moción de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil*. En esta, sostuvo que el tribunal de instancia carecía de jurisdicción sobre la materia. Expuso que, conforme al Artículo 424 del Código Civil de 2020, 31 LPRA sec. 6771, para que el tribunal poseyera jurisdicción sobre el

caso, la parte que solicita la disolución del matrimonio debe cumplir con alguno de los requisitos jurisdiccionales allí establecidos. Fundamentado en ello, planteó que el pleito debía ser desestimado debido a que la señora Biascoechea Martínez De Andino era residente y domiciliada de la República de Chile. Arguyó que esta no podía, de manera acomodaticia, alegar ante dicho foro que era residente de Puerto Rico, cuando a la misma vez manifestaba ser residente de Chile en los procesos judiciales llevados a cabo en dicho país.

Evaluadas las posturas de las partes, el 7 de mayo de 2025, el foro *a quo* emitió la *Sentencia* que hoy revisamos. En esta expuso que, tras tomar como ciertas las alegaciones bien presentadas en la demanda y evaluar si la señora Biascoechea Martínez De Andino había residido en Puerto Rico de forma continua e inmediata durante el transcurso de un (1) año previo a la presentación de la demanda, concluyó que esta no cumplió con dicho requisito. Por tanto, el foro primario se declaró sin jurisdicción sobre la materia y desestimó la demanda de divorcio.

En desacuerdo, el 11 de junio de 2025, la señora Biascoechea Martínez De Andino presentó *Moción Solicitando Reconsideración* pero la misma fue denegada por el foro primario.

Inconforme aun, el 14 de julio de 2025, la señora Biascoechea Martínez De Andino acudió ante este foro revisor mediante *Recurso de Apelación* señalando el siguiente error:

> Erró en derecho el Tribunal de Primera Instancia al declararse sin jurisdicción.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 15, 215 DPR __ (2025), este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de

lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia de la parte apelada.

**II.**

**A.**

Como es sabido, la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024), citando a *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions, LLC v. Mun. de Yabucoa*, 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022). Por tanto, "el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional". *R&B Power, Inc. v. Junta de Subastas ASG*, supra, citando a *Torres Alvarado v. Maderas Atiles*, 202 DPR 495, 500 (2019).

Así las cosas, los tribunales deben ser guardianes celosos de la jurisdicción. El foro judicial carece de discreción para asumir jurisdicción donde no la hay, por lo que, si un tribunal se percata que no la tiene, debe así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Hernández Colón v. Policía de Puerto Rico*, 177 DPR 121, 135 (2009); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). En ese sentido, la ausencia de jurisdicción trae consigo varias consecuencias, entre las cuales se encuentra el que no sea susceptible de ser subsanada; que las partes no puedan conferírsela voluntariamente al tribunal como tampoco puede esta arrogársela; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso y; que pueda ser presentada en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group. v. Oriental Bank*, 204 DPR 374, 386 (2020).

**B.**

El Artículo 424 del Código Civil de Puerto Rico regula lo concerniente a la jurisdicción en los casos de divorcio. En específico, dicho artículo establece lo siguiente:

> **Ninguna persona puede solicitar u obtener la disolución de su matrimonio por divorcio, de conformidad con las disposiciones de este Código, si no ha residido en Puerto Rico por un año, de manera continua e inmediatamente antes de presentar la petición**, a menos que los motivos que dan lugar a la petición individual en que se funde haya ocurrido en Puerto Rico o cuando uno de los cónyuges reside aquí. El periodo de residencia del cónyuge promovente puede ser menor si la muerte presunta del cónyuge ocurre en Puerto Rico. 31 LPRA sec. 6771. (énfasis nuestro).

Ello implica que la norma es que el tribunal posee jurisdicción sobre un caso de divorcio bajo tres circunstancias, a saber: (1) cuando quien solicita la disolución del matrimonio ha vivido un año en Puerto Rico, de manera continua e inmediatamente antes de presentar la demanda; (2) cuando la causa que da lugar a la petición de divorcio ocurre en Puerto Rico; o (3) cuando uno de los cónyuges reside en Puerto Rico. Así, si no se cumple con alguna de estas circunstancias, los tribunales de instancia carecen de jurisdicción para entender y decretar la disolución de un vínculo matrimonial, mediante el proceso de divorcio.

Ahora bien, aun cuando en ocasiones nuestra jurisprudencia ha utilizado los términos "domicilio" y "residencia" de forma equivalente, el Tribunal Supremo de Puerto Rico, interpretando el Artículo 97 del Código Civil de Puerto Rico de 1930 (equivalente al actual Artículo 424 del Código Civil de Puerto Rico de 2020, *supra*) aclaró que estos, en el contexto legal, no son sinónimos. *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 687-688 (2011); *Prawl v. Lafita Delfín*, 100 DPR 35, 37 (1971). Según expuesto por nuestro más Alto Foro, el "*[d]omicilio* es el lugar en donde reside habitualmente una persona" y constituye "su sitio permanente de vivienda", mientras que la *residencia* "es el lugar donde vive o reside

una persona temporalmente" y se caracteriza "por el hecho de estar". *Íd.*

**III.**

En su único planteamiento de error, la parte apelante señala que incidió el foro primario al declararse sin jurisdicción. Alega la señora Biascoechea Martínez De Andino que, ha sido residente de la isla por más de un año previo a la presentación de la demanda de divorcio. Para fundamentar su alegación, explica que regresó a residir en Puerto Rico desde el año 2021 por motivo de la enfermedad de su padre. Además, aclara que únicamente ha viajado a Chile para visitar a sus hijos y atender múltiples procesos judiciales que se llevan a cabo en los foros de dicho país, pero reitera que su intención de regresar y domiciliarse en Puerto Rico fijó la fecha de su cambio de domicilio.

Conforme dispone nuestro ordenamiento jurídico, nos corresponde auscultar si el foro apelado ostentaba jurisdicción para dilucidar el pleito de referencia. En específico, debemos evaluar si la parte apelante residió de forma continua en Puerto Rico durante el año inmediatamente anterior a la presentación de la demanda de divorcio el 17 de diciembre de 2024 y, en consecuencia, cumplió con el requisito jurisdiccional de residencia.

Tras un análisis detenido del expediente ante nuestra consideración, colegimos que el foro primario actuó correctamente al desestimar la demanda de referencia por falta de jurisdicción. Esto, pues, si bien la parte apelante sostiene que regresó a residir en Puerto Rico durante el año 2021, lo cierto es que, de las alegaciones bien presentadas de la demanda, así como del propio recurso de apelación, resulta claro que esta residió indistintamente entre Puerto Rico y Chile durante el año inmediatamente previo a la presentación de la demanda de divorcio. Es decir, aun cuando la parte apelante expresa que por motivo de asuntos legales en Chile

se ha visto obligada a ir y venir entre ambos países, lo cierto es que de la propia demanda surge que esta reside en una propiedad alquilada por ella en Chile y que, al momento de recibir una serie de correos electrónicos el 27 de abril de 2024, se encontraba en dicho país. Por lo que, no nos consta que la parte apelante haya residido en Puerto Rico por un período constante de un año antes de presentar la demanda de epígrafe.

De igual forma, la parte apelante arguye que el foro primario no tomó en consideración el Artículo 95 del Código Civil de Puerto Rico de 2020 para emitir su determinación. Dicho artículo establece, *inter alia*, que "cuando una persona reside en varios lugares con igual habitualidad y contacto, el domicilio es aquel donde tiene la mayor concentración de bienes inmuebles". 31 LPRA sec. 556. Sin embargo, luego de examinar el expediente ante esta Curia, advertimos que la parte apelante se limitó a citar el referido artículo, sin presentar alegaciones concretas que fundamentaran la aplicación de dicho texto. De forma que, la parte apelante no ha colocado a este foro en posición de realizar el análisis que exige el artículo invocado. Por lo que, en ausencia de prueba dirigida a sustentar su posición, nos encontramos imposibilitados de aplicarlo a la situación de autos.

Conforme fuera discutido anteriormente, el Artículo 424 del Código Civil, *supra*, establece expresamente que la parte peticionaria en un proceso de disolución de matrimonio debe haber residido en Puerto Rico por lo menos un (1) año antes de presentar la reclamación, condición que la señora Biascoechea Martínez De Andino no cumplió. Así, en atención a todo lo antes expuesto, somos del criterio de que la parte apelante no logró demostrar que reunía los requisitos jurisdiccionales para que el foro judicial de Puerto Rico pudiera decretar su divorcio. En consecuencia, colegimos que el

tribunal de instancia actúo correctamente al desestimar la causa de acción presentada, por carecer de jurisdicción para atenderla.

**IV.**

Por los fundamentos antes esbozados, ***confirmamos*** la Sentencia emitida el 7 de mayo de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan.

Lo acordó el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones